The STATE of Ohio, Appellee,

v.

McNEILL, Appellant.

[Cite as *State v. McNeill* (2000), 137 Ohio App.3d 34.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 98CA007045.

Decided March 8, 2000.

See also, 83 Ohio St.3d 438, 700 N.E.2d 596.

---

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Jonathan E. Rosenbaum,* Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker,* Ohio Public Defender, *Laurence E. Komp* and *Jennifer P. Hite,* Assistant State Public Defenders, for appellant.

WHITMORE, Judge.

Appellant, Freddie McNeill, Jr., appeals from a judgment of the Lorain County Court of Common Pleas that denied his petition for post-conviction relief. This court affirms in part and reverses in part.

## I

McNeill was convicted of the aggravated murder of Blake Fulton and was sentenced to death. This court affirmed his conviction and sentence on direct appeal. See *State v. McNeill* (Apr. 1, 1997), Lorain App. No. 95CA006158, unreported, 1997 WL 177635. The Ohio Supreme Court also affirmed the conviction and sentence. See *State v. McNeill* (1998), 83 Ohio St.3d 438, 700 N.E.2d 596.

On September 20, 1996, while his direct appeal was pending in this court, McNeill filed a petition for post-conviction relief in the trial court. He asserted, among other things, that he was denied the effective assistance of trial counsel. He submitted an appendix of exhibits that allegedly supported his claims. On October 24, 1996, the state responded by motion, asking the court to dismiss McNeill's petition without a hearing.

After this court decided McNeill's appeal, the record was transmitted directly to the Ohio Supreme Court because McNeill had an appeal as of right. On January 27, 1998, before the record had returned to the Lorain County Court of Common Pleas from the Ohio Supreme Court, the trial court dismissed McNeill's petition for post-conviction relief without a hearing. McNeill appeals and raises eight assignments of error.

## II

■ McNeill's first assignment of error is that the trial court erred in ruling on his petition while the record was in the possession of the Ohio Supreme Court. The record supports McNeill's assertion that the case file was at the Ohio Supreme Court until after the trial court ruled on his petition and there is nothing to indicate that a duplicate record was made.[1] The state does not dispute that the trial court did not have the case file at the time it ruled on McNeill's

---

1. As the Ohio Supreme Court noted in its decision affirming this court's dismissal of McNeill's application for delayed reopening, the appellate rules and Supreme Court Rules of Practice now require that a duplicate record be made in capital cases, but those rules were not applicable to McNeill's case. *State v. McNeill* (1998), 83 Ohio St.3d 457, 460, 700 N.E.2d 613, 615–616 (Lundberg Stratton, J., concurring).

petition. Thus, the question posed by this assigned error is whether the trial court could properly rule on McNeill's petition without reviewing the case file.

R.C. 2953.21 provides:

"(C) * * * Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, *the court shall consider,* in addition to the petition, the supporting affidavits, and the documentary evidence, *all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript.* * * *

" * * * *

"(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues even if a direct appeal of the case is pending." (Emphasis added.)

The state asserts that, although the trial court is required to "consider" the record, it need not possess the record or actually review it. It cites no authority for this proposition, however. Although some cases have held that R.C. 2953.21(C) does not require the trial court to review the record before dismissing a petition for post-conviction relief, those cases have based their reasoning on a misinterpretation of *State v. Ishmail* (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500. See, *e.g., State v. Williams* (1991), 74 Ohio App.3d 686, 694, 600 N.E.2d 298, 303–304.

The Ohio Supreme Court has never spoken on this issue. In *State v. Ishmail,* although the facts of the case indicated that the trial court had dismissed a petition for post-conviction relief without reviewing the trial transcript, the Supreme Court did not address the legal propriety of that fact. Instead, the sole issue before the court was "whether a reviewing court can add matter to the record before it, which was not part of the trial court proceedings, and then decide the appeal on the basis of the new matter." *Ishmail, supra,* at 403–404, 8 O.O.3d at 406, 377 N.E.2d at 501. The Supreme Court held that it could not. *Id.* at paragraphs one and two of the syllabus.

Other than those cases that have misapplied *Ishmail,* Ohio's courts of appeals have consistently interpreted the term "consider," as it is used in R.C. 2953.21(C), to mean "review" or "examine." See, *e.g., State v. Hunt* (1984), 20 Ohio App.3d 310, 311, 20 OBR 411, 412–413, 486 N.E.2d 108, 109–110; *State v. Allen* (June 4, 1998), Cuyahoga App. No. 72427, unreported, 1998 WL 289418, at *2; *State v. Locke* (May 24, 1996), Lucas App. No. L–95–305, unreported, 1996 WL 277684, at *1. A failure to conduct such a review denies the petitioner due process. *State v. Diviak* (May 8, 1998), Clark App. No. 97 CA 111, unreported,

1998 WL 226350, at *2; *Locke, supra,* at *1. The trial judge cannot rely on personal memory but must actually consider the issues raised in the petition in the context of the official record of the case. *Id.,* citing *State v. Mattox* (1966), 8 Ohio App.2d 65, 66, 37 O.O.2d 78, 78–79, 220 N.E.2d 708, 709.

A review of record, however, is not necessitated by the mere filing of a petition for post-conviction relief. If the petition is baseless on its face, the trial court need not review the record to establish that dismissal is warranted. See *State v. Braxton* (June 19, 1998), Lucas App. No. L–98–1032, unreported, 1998 WL 351877, at *1. Therefore, if McNeill's claims were baseless on their face, the trial court had no need to review the record before dismissing his petition.

A petitioner for post-conviction relief has an initial burden of providing evidence of sufficient operative facts to demonstrate a cognizable claim of a constitutional error. See *State v. Kapper* (1983), 5 Ohio St.3d 36, 37–38, 5 OBR 94, 94–96, 448 N.E.2d 823, 825–826. Moreover, a defendant is barred by the doctrine of *res judicata* from raising any defense or constitutional claim that was or could have been raised at trial or on direct appeal from his conviction. *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.[2] McNeill asserted eighteen claims for relief in his petition for post-conviction relief.[3] A review of the claims and the evidence McNeill submitted reveals that most of his claims were baseless on their face.

Because an appeal from the judgment of conviction is limited to the trial court record, a petition for post-conviction relief may defeat the *res judicata* bar only if its claims are based on evidence *de hors* the record. See *State v. Cole* (1982), 2 Ohio St.3d 112, 2 OBR 661, 443 N.E.2d 169. McNeill did attempt to support most of his claims by attaching evidence that he alleged was not in the record.[4] This evidence was not sufficient to defeat the *res judicata* bar, however.

New evidence attached to the petition for post-conviction relief must meet "some threshold standard of cogency; otherwise it would be too easy to defeat the holding of *Perry* by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim[.]" *State v.*

---

2. Although the trial court did not have a complete record of this case, it did have the docket sheet that indicated that McNeill was represented by different counsel at trial and on appeal. Thus, his claims of ineffectiveness were barred unless supported by evidence *de hors* the record. See *State v. Cole* (1982), 2 Ohio St.3d 112, 2 OBR 661, 443 N.E.2d 169, syllabus.

3. Although McNeill attempted to add another claim seven months after filing his petition, that claim was untimely and the trial court did not consider it.

4. Because the trial court had no information before it to the contrary, this Court will assume that McNeill's supporting evidence was outside the trial court record.

*Lawson* (1995), 103 Ohio App.3d 307, 315, 659 N.E.2d 362, 367, quoting *State v. Coleman* (Mar. 17, 1993), Hamilton App. No. C–900811, unreported, 1993 WL 74756, at *7. Evidence *de hors* the record must demonstrate that these claims could not have been raised on appeal based on the information in the original record. *Lawson*, 103 Ohio App.3d at 315, 659 N.E.2d at 367–368. The claim must depend on factual allegations that cannot be determined by an examination of the files and records of the case. See *State v. Milanovich* (1975), 42 Ohio St.2d 46, 71 O.O.2d 26, 325 N.E.2d 540, paragraph one of the syllabus.

McNeill submitted no evidentiary support for his tenth and fifteenth claims. No further evaluation of those claims is necessary to determine that they were facially barred by the doctrine of *res judicata.*

McNeill attempted to support his fifth and eleventh claims with newspaper articles that referred to events that happened during the trial. This evidence failed to add anything to the substance of these claims, nor did it establish that the claims could not have been fully litigated on the original record. Thus, claims five and eleven were likewise baseless on their face.

The evidence McNeill submitted to support his second, third, eighth, and fourteenth claims failed to even support his allegations. In claims two and three, McNeill alleged improper conduct by the state, but none of his evidence even suggested that the state did anything improper. Moreover, he failed to demonstrate that he could not have raised this issue at trial or on appeal.

McNeill's eighth and fourteenth claims, alleging ineffective assistance of trial counsel, are likewise unsubstantiated. His evidence merely referred to isolated incidents of conduct, but failed to even suggest that these incidents impacted trial counsel's performance, or the effectiveness of his defense, in any way. His eighth claim was that his trial counsel was ineffective for failing to disclose that the attorney-client relationship had broken down. McNeill's evidence indicated that there had been a physical altercation between McNeill and one of his trial counsel. This evidence of one incident between the two falls far short of demonstrating that there had been a complete breakdown in the attorney-client relationship. His evidence supporting claim fourteen also involved isolated incidents in which a defense investigator was allegedly intoxicated. This evidence failed to demonstrate that the defense investigation had been impacted in any way.

Through claim twelve, McNeill asserted that he was prejudiced by the sentencing judge viewing him in "shackles." The evidence he attached indicated, at best, that McNeill wore an electronic immobilization belt during sentencing. This evidence does not demonstrate that the device was even visible to the sentencing judge. Moreover, there is no evidence to establish that this issue

could not have been raised at the sentencing hearing, and consequently put on the record, thus preserving the issue for appellate review.

Several of McNeill's other claims, even if arguably supported by the evidence he submitted, fail to make the requisite showing that these issues could not have been raised at trial or on appeal. McNeill's seventeenth claim alleges that the state deprived him of a fair trial because it prevented him from speaking to one of the state's key witnesses prior to trial. The evidence he attached, a hearsay statement of the witness, fails to demonstrate that this argument could not have been raised by trial counsel prior to trial. Certainly, if the allegation was true, trial counsel was aware of the problem prior to trial and could have raised the issue then.

McNeill's first, sixth, seventh, thirteenth and sixteenth claims for relief are general constitutional claims that are not fact-specific to this case. They allege challenges to the death penalty as it is imposed in Ohio and the nation, to Lorain County's jury selection process, and to Ohio's appellate review process in capital cases. Although he attached stacks of documentation to support these claims, none of this evidence established that McNeill was prevented from raising these challenges at trial or on appeal. Although he attaches evidence that is arguably relevant to these challenges, he did not establish that these challenges could not have been raised without this evidence. Moreover, even if this evidence was necessary to support McNeill's challenges, he failed to establish that he was prevented from gaining access to it or was otherwise prevented from presenting it during trial.

Two of McNeill's claims, however, are not baseless on their face. Claims four and nine alleged ineffective assistance of counsel for trial counsel's failure to present certain mitigating evidence during the penalty phase of the trial. McNeill attached the affidavits of several potential witnesses whom he contended should have been, but were not, called to give mitigating testimony. The witnesses included two licensed psychologists and several friends and family members. One of the psychologists diagnosed McNeill with attention deficit hyperactivity disorder and included an extensive report to support the diagnosis. The other psychologist indicated that McNeill's upbringing was impacted by his cultural background and that this evidence should have been offered in mitigation. The potential lay witnesses indicated that they could have testified to specific mitigating aspects of McNeill's behavior and his upbringing, but they were not contacted by McNeill's trial counsel.

Although McNeill's evidence did not necessarily warrant a hearing on McNeill's petition, and may not have even been sufficient to defeat the *res judicata* bar, it is virtually impossible to evaluate the potential merit of these claims without a review of the record. To evaluate whether trial counsel erred by

failing to present certain evidence in mitigation, this court will typically review the evidence that was presented. See, *e.g., State v. White* (June 16, 1999), Summit App. No. 19040, unreported, at 11–13, 1999 WL 394938; *State v. Post* (Jan. 2, 1997), Lorain App. No. 96CA006399, unreported, at 10–12, 1997 WL 10141. Although trial counsel's decisions regarding the presentation of mitigating evidence are largely a matter of trial strategy, it is impossible to justify counsel's decisions as a matter of sound trial strategy without any review of the record. Because the trial court could not determine from the face of McNeill's petition that claims four and nine were without merit, it should have reviewed the penalty phase of the trial transcript. Because the trial court did not conduct such a review, the case must be remanded on those two claims. McNeill's first assignment of error is sustained solely as to claims four and nine.

McNeill's second and fifth assignments of error challenge the trial court's dismissal of his first, second, sixth, seventh, eighth, twelfth, thirteenth, and sixteenth claims for relief. As this court explained in its discussion of McNeill's first assignment of error, each of these claims was baseless on its face. Therefore, the trial court did not err by dismissing these claims without a hearing. McNeill's second and fifth assignments of error are overruled.

McNeill's third assignment of error is that the trial court erred by failing to order the state to file a motion that complied with either Civ.R. 12 or Civ.R. 56. McNeill had moved the trial court "for a definite statement" in response to the state's motion to dismiss his petition. McNeill asserted that he could not adequately prepare a response to the state's motion because he was unable to discern whether the state sought dismissal pursuant to Civ.R. 12 or summary judgment pursuant to Civ.R. 56.

McNeill's argument is based on the faulty notion that dismissals of post-conviction proceedings are governed by the civil rules. Although the civil rules generally apply to post-conviction proceedings, R.C. 2953.21 sets forth a specific procedure for dismissal that is different from a dismissal of a civil complaint pursuant to Civ.R. 12(B). *Lawson,* 103 Ohio App.3d at 313, 659 N.E.2d at 366. Because a post-conviction proceeding is governed by its own statutory procedure, it was not necessary for the state to comply with the requirements of either Civ.R. 56 or Civ.R. 12(B). See *State v. Benner* (Aug. 27, 1997), Summit App. No. 18094, unreported, at 5, 1997 WL 549605.

R.C. 2953.21(D) simply provides that the state "shall respond by answer or motion[.]" The state did respond to McNeill's petition with a nineteen-page motion, requesting the court to dismiss McNeill's petition without a hearing. The state articulated arguments in opposition to each of McNeill's eighteen claims for relief. Because this motion complied with the requirements of R.C. 2953.21(D),

the trial court did not err by failing to order the state to submit a more definite statement. The third assignment of error is overruled.

McNeill's fourth assignment of error is that the trial court erred in overruling his fourth and ninth claims for relief, each of which alleged ineffective assistance of counsel during the mitigation phase of the trial. As this Court is remanding the case on these two claims because the trial court dismissed them without a review of the record, this assignment of error is rendered moot. Thus, this Court declines to reach its merits. App.R. 12(A)(1)(c).

McNeill's sixth assignment of error challenges the constitutionality of Ohio's post-conviction procedure. Although McNeill raised eighteen claims in his petition for post-conviction relief, none of them challenged the constitutionality of R.C. 2953.21. McNeill raises this issue for the first time on appeal. As this Court stated in *Benner, supra,* at 2–3, when the same challenge was raised for the first time on appeal from the denial of a petition for post-conviction relief:

"Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of [the petition for post-conviction relief], constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal. *State v. Awan* (1986), 22 Ohio St.3d 120 [22 OBR 199], 489 N.E.2d 277, syllabus."

Because McNeill did not raise this issue below, he waived it on appeal. The sixth assignment of error is overruled.

McNeill's seventh [5] assignment of error is that the trial court erred in overruling several of his claims based on the doctrine of *res judicata* because he supported his claims with evidence *de hors* the record. As this court explained in its disposition of McNeill's first assignment of error, the evidence McNeill attached to support most of his claims was not sufficient to defeat the *res judicata* bar.[6] McNeill's seventh assignment of error is overruled.

McNeill's eighth assignment of error is that the trial court erred in dismissing his eighteenth claim that his conviction and sentence should be vacated due to the cumulative effect of the errors he alleged. Because McNeill failed to substantiate the majority of his claims,[7] he has not convinced this court that his constitutional

---

5. For some reason, McNeill refers to his seventh assigned error as "Assignment of Error No. 12" and his eighth assigned error as "Assignment of Error No. 14."

6. Because this court does not review the substantive propriety of dismissing McNeill's fourth and ninth claims, it makes no statement as to whether *res judicata* could bar them.

7. This court does determine whether McNeill substantiated his fourth or ninth claims.

rights were violated by their cumulative effect. McNeill's eighth assignment of error is overruled.

## III

McNeill's first assignment of error is sustained in part. The remaining assignments of error are overruled. The judgment of the trial court is affirmed in part and reversed in part and the cause is remanded for proceedings not inconsistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*cause remanded.*

SLABY, P.J., and CARR, J., concur.