OPINION
Appellant, Ezra L. Alls, appeals the decision of the Trumbull County Court of Common Pleas dismissing his petition for postconviction relief and motion for summary judgment.
The following procedural history is relevant to this appeal. In September 1991, appellant was indicted by the Trumbull County Grand Jury on three counts of aggravated robbery, each with a specification of a prior offense of violence, in violation of R.C. 2911.01(A)(1) and (2), and two counts of kidnapping, with a prior offense of violence specification, in violation of R.C. 2905.01(A)(2) and (3).[1]
During the course of the jury trial, the court dismissed the "inflict, or attempt to inflict serious physical harm on another" language from the three aggravated robbery counts, thereby dismissing R.C. 2911.01(A)(2) from the indictment. Also, with respect to the kidnapping charges, the court dismissed the "inflict serious physical harm on the victim or another" language from the indictment.[2]
On April 29, 1992, a jury found appellant guilty of three counts of aggravated robbery and two counts of kidnapping. Appellant was immediately sentenced to an indefinite term of fifteen to twenty-five years in prison on each count, to run consecutively to each other.
Appellant instituted a direct appeal challenging his conviction. InState v. Alls (Sept. 30, 1993), Trumbull App. No. 92-T-4711, unreported, 1993 WL 407259, we affirmed the judgment of the trial court.[3]
While his direct appeal was pending, appellant filed a pro se petition for postconviction relief in the trial court on July 21, 1992. The trial court dismissed the petition without a hearing on grounds that appellant failed to allege any facts which would entitle him to relief and failed to support his petition with any evidentiary documents. This decision was reflected in a judgment entry dated October 19, 1992.
On June 8, 2000, appellant filed another pro se petition for postconviction relief in the trial court.[4] In response to the state filing a motion to dismiss the petition, appellant filed a motion for summary judgment on August 2, 2000.
In a judgment entry dated August 23, 2000, the trial court dismissed appellant's petition for postconviction relief without a hearing, reasoning that appellant had not complied with the requirements for filing a second or successive petition for postconviction relief as set forth by R.C. 2953.23(A). Insofar as appellant's motion for summary judgment was concerned, the trial court issued another judgment entry on August 29, 2000, rendering this motion moot in light of the dismissal of the petition.
It is against these judgment entries that appellant filed a pro se
notice of appeal asserting the following three assignments of error for our consideration:
 "[1.] Trial Court commited [sic] Abuse of Discrection [sic] in ruling it lacked jurisdiction to hear Appellant's Postconviction relief petition.
 "[2.] Trial Court committed Abuse of Discrection [sic] in granting State's motion to dismiss petition for Postconviction relief.
 "[3.] Trial Court committed Abuse of Discrection [sic] in not granting Summary Judgment which appears on the face of the record[.]"
 In his first assignment of error, appellant seems to suggest that he was unavoidably prevented from discovering that the trial court removed the "serious physical harm" language from the indictment outside his presence because his appellate counsel failed to forward the transcript to him. According to appellant, when his family and friends attempted to obtain the transcript from the clerk of courts, they were told to see appellate counsel.
Before we may address the merits of appellant's assignment of error, we must make an initial determination as to whether the trial court had jurisdiction to consider appellant's second petition.
Pursuant to R.C. 2953.21(A)(2), a petition for postconviction relief "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]"
In the case at bar, the trial transcript was filed with this court in appellant's direct appeal on June 4, 1992. In accordance with R.C.2953.21(A)(2), appellant had exactly one hundred eighty days from June 4, 1992, to file his petition for postconviction relief. The instant petition, however, was not filed until June 8, 2000; therefore, appellant's petition was filed in an untimely manner. Further, as noted earlier in this opinion, the instant appeal has arisen from appellant's second petition for postconviction relief.
Because appellant's petition was untimely and successive, this triggers an analysis under R.C. 2953.23(A). Pursuant to R.C. 2953.23(A)(1) and (2), a trial court may not entertain a petition filed in an untimely manner or a second or successive petition for similar relief unless both
of the following are satisfied: (1) the petitioner must show either that he or she was unavoidably prevented from discovering the facts upon which he or she relies in the petition, or that after the one hundred eighty days had expired, the United State Supreme Court recognized a new federal or state right that would apply retroactively to the petitioner; and (2) the petitioner must show by clear and convincing evidence that a reasonable factfinder would not have found him or her guilty but for constitutional error at trial. State v. Johnson (Feb. 9, 2001), Trumbull App. No. 99-T-0143, unreported, 2001 WL 114995, at 2; State v. Sharpless
(Feb. 9, 2001), Portage App. Nos. 99-P-0083 and 99-P-0121, unreported, 2001 WL 114994 at 4; State v. Pasqualone (Sept. 30, 1999), Ashtabula App. No. 98-A-0074, unreported, 1999 WL 960767, at 2.
In the instant matter, we need only address the first criterion as appellant's failure in this regard bars the trial court from considering his petition. According to appellant, he was unavoidably prevented from discovering that the trial court altered the indictment outside his presence because his appellate counsel failed to forward the trial transcript to him. A review of the trial transcript indicates that appellant's argument is fatally flawed.
For instance, on April 28, 1992, appellant was present in the courtroom during opening statements when the prosecutor read the indictment, which included the serious physical harm language for both the aggravated robbery and kidnapping charges. At the close of the state's case-in-chief, an in-chamber conference was held with the prosecutor and defense counsel, who waived the presence of appellant. Thereafter, defense counsel proceeded to make two oral motions: (1) a motion for a directed verdict on the basis that the state had not proven its case beyond reasonable doubt; and (2) a motion to strike "the language in the indictment which refers to cause or attempt to cause serious physical harm" as the state failed to show that any physical harm was caused to the victims.
Then, on April 29, 1992, in the presence of appellant, the state made an identical oral motion to dismiss the serious physical harm language from the indictment.[5] Without objection from defense counsel, the trial court granted this motion and deleted the serious physical harm language from all five counts of the indictment. Again, this occurred inthe presence of appellant.
In light of the foregoing, it is evident that appellant was not unavoidably prevented from discovering that certain language was removed from the indictment. Contrary to appellant's assertion, the trial court did not alter the indictment outside appellant's presence. As such, appellant did not need the transcript in order to learn that the indictment was altered because he was clearly aware of this fact during the trial.[6]
Because appellant has not satisfied the first prong of R.C. 2953.23(A), the trial court lacked jurisdiction to entertain appellant's petition for postconviction relief. Pasqualone at 3. (holding that a petition for postconviction relief may be dismissed solely when the petition fails to comply with R.C. 2953.23(A)(1)). Moreover, the doctrine of res judicata
precludes appellant from raising the issue of the trial court deleting the serious physical harm language from the indictment in a petition for postconviction relief as this issue could have been raised on direct appeal. State v. Reynolds (1997), 79 Ohio St.3d 158, 161, citing State v.Duling (1970), 21 Ohio St.2d 13; State v. Szefcyk (1996), 77 Ohio St.3d 93,96; State v. McNeill (2000), 137 Ohio App.3d 34, 40; State v. Johnson
(Feb. 9, 2001), Trumbull App. No. 99-T-0143, unreported, 2001 Ohio App. LEXIS 494, at 10. For these reasons, appellant's first assignment of error is without merit.
Pursuant to our holding in the first assignment of error that the trial court properly dismissed appellant's petition for postconviction relief for lack of jurisdiction, appellant's second and third assignments of error are rendered moot.[7]
 Based on the foregoing analysis, the judgment of the trial court isaffirmed.
 _______________________________ JUDITH A. CHRISTLEY JUDGE
O'NEILL, P.J., FORD, J., concur.
[1] The version of R.C. 2911.01 in effect at this time provided in relevant part:
 "(A) No person, in attempting or committing a theft offense * * * shall do either of the following:
 "(1) Have a deadly weapon or dangerous ordnance * * * on or about his person or under his control;
 "(2) Inflict or attempt to inflict serious physical harm on another."
In addition, R.C. 2905.01 read:
 "(A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where he is found or restrain him of his liberty, for any of the following purposes:
"* * *
 "(2) To facilitate the commission of any felony or flight thereafter;
 "(3) To terrorize, or to inflict serious physical harm on the victim or another[.]" (Emphasis added.)
[2] Although the trial court deleted this language from the indictment, the charge against appellant for violating R.C. 2905.01(A)(3) remained under the theory that appellant terrorized the victim.
[3] In his direct appeal, appellant maintained a single assignment of error asserting that his conviction was against the manifest weight of the evidence. However, appellant never challenged the consecutive sentences meted out by the trial court.
[4] The state maintains that appellant filed another petition for postconviction relief on March 23, 1993. However, a close review of the trial docket reveals that appellant filed an "original action in postconviction relief." Because the Trumbull County Clerk of Courts reported that the official court file is missing, we are unable to determine whether appellant, indeed, filed a petition on that date. Thus, for purposes of appeal, we will assume that appellant filed only one petition prior to the June 8, 2000 petition. This does not affect our analysis because at a minimum, appellant filed two petitions for postconviction relief in the trial court.
[5] This took place outside the presence of the jury.
[6] Appellant contends that even after the court dismissed the serious physical harm language from the indictment, he was still convicted of the crimes charged in the indictment without the jury considering all of the elements of the crime. A review of the trial transcript reveals that inthe presence of appellant, the trial court provided jury instructions defining aggravated robbery and kidnapping without the serious physical harm language. In other words, the jury was instructed to determine whether appellant violated R.C. 2911.01(A)(1) and R.C. 2905.01(A)(2) and (3). Accordingly, appellant has not shown that the deletion of the language from the indictment would have changed the jury's verdict from guilty; therefore, no prejudice has been demonstrated. See R.C.2953.23(A)(2).
[7] In addition to granting the state's motion to dismiss appellant's petition on jurisdictional grounds, the trial court could have relied on the doctrine of res judicata as a basis for its decision as well.