This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Fredrick A. Nelson, appeals the decision of the Summit County Court of Common Pleas, denying his petition for postconviction relief. We affirm.
On August 16, 2000, the Summit County Grand Jury indicted Mr. Nelson on one count of aggravated murder, in violation of R.C. 2903.01(A), with a firearm specification, in violation of R.C. 2941.145. In a verdict journalized on November 3, 2000, the jury found Mr. Nelson guilty of the charge in the indictment. He was sentenced accordingly and timely appealed his conviction. The appellate record was filed on January 9, 2001. On June 13, 2001, this court affirmed his conviction. State v.Nelson (June 13, 2001), 9th Dist. No. 20365.
On September 10, 2001, Mr. Nelson moved for leave to file an untimely petition for postconviction relief, pursuant to R.C. 2953.23, and filed his pro se petition. The state moved to dismiss the petition as untimely. On September 19, 2001, the trial court denied Mr. Nelson's petition as untimely pursuant to R.C. 2953.21 and 2953.23. This appeal followed.
 II.
Mr. Nelson asserts two assignments of error for review. We will discuss each in turn.
 A. First Assignment of Error "The Ohio Post Conviction [sic.] Relief Statute Violates the 14th Amendment to the United States Constitution."
In his first assignment of error, Mr. Nelson avers that the time requirements for filing a timely petition for postconviction relief, as set forth in R.C. 2953.21 and 2953.23, are unconstitutional as applied to him. Specifically, Mr. Nelson argues that, as an indigent prisoner proceeding pro se, he had limited access to resources from which to prepare his petition and that this fact combined with the "short" period of time within which he was required to file his petition effectively denied him meaningful access to the courts and, thus, violated the Equal Protection and Due Process Clauses of the Fourteenth Amendment. Mr. Nelson, however, did not raise this argument before the trial court and, therefore, has waived it on appeal. See State v. Jalowiec, 9th Dist. Nos. 01CA007844 01CA007847, 2002-Ohio-949, at ¶ 18; State v.Schlee (Dec. 17, 1999), 11th Dist. No. 98-L-187; see, also, State v.McNeill (2000), 137 Ohio App.3d 34, 44 (finding that the appellant's constitutional challenges to Ohio's postconviction procedures were waived because the appellant had failed to raise them at the trial court level); see, generally, State v. Awan (1986), 22 Ohio St.3d 120, syllabus (stating that the "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal"). Mr. Nelson's first assignment of error is overruled.
 B. Second Assignment of Error "The Trial Court Erred by Denying Fredrick Nelson Meaningful Access to the Courts, Which Prevented him From Establishing his Constitutional Claim of Ineffective Assistance of Counsel."
In his second assignment of error, Mr. Nelson argues that he was denied the effective assistance of trial counsel because his trial counsel failed to investigate a potential defense, namely that psychotropic drugs had completely altered Mr. Nelson's mental state. Based on this argument, Mr. Nelson has requested that this court remand the matter to the trial court with an order to hold an evidentiary hearing on the petition.
On appeal, however, aside from the constitutional challenges which were raised and overruled in the first assignment of error, Mr. Nelson has not argued on appeal that the trial court's decision denying the petition as untimely under R.C. 2953.21 and 2953.23 was otherwise erroneous. Accordingly, Mr. Nelson has not shown that the trial court's denial of his petition as untimely constituted reversible error. As such, the arguments raised in Mr. Nelson's second assignment of error cannot be considered. Mr. Nelson's second assignment of error is overruled.
 III.
Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., WHITMORE, J. CONCUR.