This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant Paul Quine has appealed the sentencing decision of the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} In July 2001, police discovered that Appellant had been engaged in inappropriate sexual contact with two young girls, ages eight and nine. As a result of this discovery, on August 6, 2001, Appellant was indicted by a Summit County Grand Jury on four counts of rape, in violation of R.C. 2907.02(A)(1)(b); two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4); and two counts of disseminating matter harmful to juveniles, in violation of R.C.2907.31(A)(3).
 {¶ 3} On December 4, 2001, the state moved to amend the indictment to include two counts of sexual battery. The trial court granted the motion, and Appellant entered a plea of guilty to two counts of sexual battery and two counts of gross sexual imposition. The remaining counts contained in the indictment were dismissed, and the trial court ordered preparation of a pre-sentence investigation report and a victim impact statement. At the sentencing hearing, which was held on December 31, 2001, the trial court sentenced Appellant to four years imprisonment on each count to which he pleaded guilty. The court further ordered the terms to run consecutively, giving Appellant a total sentence of sixteen years imprisonment.
 {¶ 4} On January 25, 2002, Appellant filed a motion to vacate the sentence. The trial court denied Appellant's motion. Appellant has timely appealed, asserting three assignments of error.
 II Assignment of Number Error One {¶ 5} "THE TRIAL COURT ERRED BY FAILING TO CONSIDER WHETHER ITS SENTENCE WAS CONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR CRIMES COMMITTED BY SIMILAR OFFENDERS."
 {¶ 6} In Appellant's first assignment of error, he has contended that the trial court erred when it sentenced him to a term of sixteen years imprisonment because it failed to comply with R.C. 2929.11(B). We disagree.
 {¶ 7} At the sentencing hearing, Appellant failed to object to his sentence on the ground that his sentence was inconsistent with sentences imposed for similar crimes committed by similar offenders. Failure to raise an issue at the trial court level usually precludes this Court from reviewing the issue. However, Appellant has asserted that the sentence imposed by the trial court constitutes plain error. Thus, this Court will conduct a plain error analysis.
 {¶ 8} Plain error is defined as "error but for the occurrence of which it can be said that the outcome of the trial would have clearly been otherwise." State v. Sanders (May 17, 2000), 9th Dist. No. 19783, at 3. The Ohio Supreme Court has recognized that the plain error doctrine should be applied sparingly, and only when necessary to prevent a clear miscarriage of justice. Id., citing State v. Wolery (1976),46 Ohio St.2d 316, 327.
 {¶ 9} In the instant case, Appellant has argued that the trial court was required to show that his sentence was consistent with sentences imposed for similar crimes committed by similar offenders before it sentenced him to sixteen years imprisonment. The trial court, Appellant has argued, should have reviewed the sentences of other similarly situated offenders and compared those sentences to his sentence.[1] Appellant has contended that this requirement is reflected in the language of R.C. 2929.11(B), which states:
 {¶ 10} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimescommitted by similar offenders." (Emphasis added.)
 {¶ 11} We reject Appellant's assertion that R.C. 2929.11(B) imposes such a requirement on trial courts. The purpose of R.C. 2929.11
is simply to set forth Ohio's guidelines and principles[2] of felony sentencing. State v. Bolton, 8th Dist. No. 80263, 2002-Ohio-4571, at ¶ 20. Thus, "R.C. 2929.11 does not require findings; rather it sets forth objectives for sentencing courts to achieve." Id.
 {¶ 12} We also believe that it is not the trial court's responsibility to research prior sentences from undefined, and largely unavailable, databases before reaching its sentencing decision. The legislature did not intend to place such a burden on the trial court when it enacted R.C. 2929.11(B). The legislature's purpose for inserting the consistency language contained in R.C. 2929.11(B) was to make consistency rather than uniformity the aim of the sentencing structure. See Griffin Katz, Ohio Felony Sentencing Law (2001), 59. "Uniformity is produced by a sentencing grid, where all persons convicted of the same offense with the same number of prior convictions receive identical sentences." Id. Consistency, on the other hand, requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable. Id.
 {¶ 13} Under this meaning of "consistency," two defendants convicted of the same offense with a similar or identical history of recidivism could properly be sentenced to different terms of imprisonment. Consequently, Appellant cannot establish, either at trial or on appeal, that his sentence is contrary to law because of inconsistency by providing the appropriate court with evidence of other cases that show similarly situated offenders have received different sentences than did he. Thus, the only way for Appellant to demonstrate that his sentence was "inconsistent," that is, contrary to law within the meaning of R.C. 2929.11(B), is if he establishes that the trial court failed to properly consider the factors and guidelines contained in R.C.2929.12, R.C. 2929.13 and R.C. 2929.14. These sections, along with R.C.2929.11, create consistency in sentencing.
 {¶ 14} Pursuant to R.C. 2929.12, a trial court has the discretion to determine the most effective way to comply with the purposes and principles set forth in R.C. 2929.11.[3] See State v. Grundy (Dec. 9, 1998), 9th Dist. No. 19016, at 8-9. This sentencing discretion is limited, however, by the factors listed in R.C. 2929.12(B) to 2929.12(E). After the trial court has considered the factors listed in those provisions, it must then consider R.C. 2929.13. R.C. 2929.13 guides the court in determining whether a mandatory prison sentence is required, or whether a rebuttable presumption in favor of imprisonment or a disposition against a prison term is applicable.
 {¶ 15} The trial court is also limited by R.C. 2929.14, which contains other consistency provisions. R.C. 2929.14 provides basic prison terms for various classifications of offenses. Once a trial court has determined the felony degree for a defendant's offense, R.C. 2929.14
governs the minimum and maximum term of years that a defendant can be imprisoned.
 {¶ 16} Although we conclude that R.C. 2929.11, R.C. 2929.12, R.C.2929.13, and R.C. 2929.14 provide the guidelines for maintaining consistency in sentencing, we do not wholly reject Appellant's argument regarding the use of sentencing entries from other cases involving similarly situated offenders. While we reject Appellant's position that the trial court is required to sua sponte research other cases and to weigh such information on the record at sentencing, we do not hold that if provided with sufficiently reliable information by counsel for the defendant and/or the state that the trial court could not, in its discretion, properly consider such information when making its decision. We see no reason to distinguish information about sentences in comparable cases from other categories of information (such as psychological reports, letters from persons attesting to the character of the offender, educational records, etc.) typically provided before or at sentencing. We do, however, reject Appellant's proposition that the trial court must consider such information and document its analysis on the record at sentencing. In any event, since the record is silent on whether or not Appellant provided the trial court with such information, there is no plain error on such grounds.
 {¶ 17} Furthermore, because Appellant has not shown that the trial court failed to comply with the consistency principles set forth in R.C.2929.11, R.C. 2929.12, R.C. 2929.13, or R.C. 2929.14, we conclude that the trial court did not commit plain error when it sentenced Appellant to a total of sixteen years imprisonment. Accordingly, Appellant's first assignment of error is not well taken.
 Assignment of Error Number Two {¶ 18} "THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES."
 {¶ 19} In Appellant's second assignment of error, he has contended that the trial court erred by imposing consecutive sentences because the trial court did not make the requisite findings as required by R.C.2929.14(E). We disagree.
 {¶ 20} R.C. 2929.14(E)(4) provides:
 {¶ 21} "If multiple prison terms are imposed on an offender for convictions of multiple offense, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 22} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing * * * or was under post-release control for a prior offense.
 {¶ 23} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 24} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 25} Appellant has claimed that the trial court made only one finding in support of the imposition of consecutive sentences, and that neither the transcript nor journal entry reflect a finding that consecutive sentences are necessary to protect the public from future crime or punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Appellant is mistaken in his claim, however. The journal entry of the trial court clearly sets forth its findings pursuant to R.C. 2929.14(E). The journal entry states:
 {¶ 26} "The Court further finds * * * that consecutive sentences are necessary to protect the public and punish the offender, not disproportionate to the conduct and to the danger the offender poses, and:
 {¶ 27} "(1) The harm was so great or unusual that [a] single term does not adequately reflect the seriousness of the conduct."
 {¶ 28} Moreover, it is sufficient for the trial court to place its findings only in the journal entry. In State v. Riggs (Oct. 11, 2000), 9th Dist. No. 19846, at 3-4, we concluded that the findings may either be present within the transcript of the sentencing hearing or in the journal entry. Therefore, the findings do not have to be in the hearing transcript if they are contained in the journal entry. Id.
 {¶ 29} Based on the foregoing, this Court concludes that the trial court provided the necessary findings for imposing consecutive sentences. Accordingly, Appellant's second assignment of error is without merit.
 Assignment of Error Number Three {¶ 30} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO VACATE HIS SENTENCE."
 {¶ 31} In Appellant's third assignment of error, he has argued that the trial court erred when it denied Appellant's motion to vacate his sentence because R.C. 2951.03, which gives a trial court broad discretion in permitting a defendant to view a presentence investigation report, is unconstitutional. We disagree.
 {¶ 32} As an initial matter, this Court construes Appellant's motion to vacate the sentence as a petition for postconviction relief, and this assignment of error as an appeal from the trial court's denial of that petition. See, e.g., State v. Copley (June 10, 1998), 9th Dist. No. 2738-M, at 2-3. Petitions for postconviction relief are governed by R.C. 2953.21, which provides in pertinent part:
 {¶ 33} "Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." R.C. 2953.21(A)(1).
 {¶ 34} In the instant case, Appellant has argued that R.C.2951.03(B) is unconstitutional. R.C. 2951.03(B)(1) and (B)(3) prevent a defendant from reviewing certain contents of a presentence investigation report. Appellant has argued that because he was denied access to the presentence investigation report he was denied his constitutional rights to due process of law and effective assistance of counsel.
 {¶ 35} R.C. 2951.03(B)(1) and (B)(3) provide:
 {¶ 36} "(B)(1) If a presentence investigation report is prepared * * * the court, at a reasonable time before imposing sentence, shall permit the defendant or the defendant's counsel to read the report, except that the court shall not permit the defendant or the defendant's counsel to read any of the following:
 {¶ 37} "(a) Any recommendation as to sentence;
 {¶ 38} "(b) Any diagnostic opinions that, if disclosed, the court believes might seriously disrupt a program of rehabilitation for the defendant;
 {¶ 39} "(c) Any sources of information obtained upon a promise of confidentiality;
 {¶ 40} "(d) Any other information that, if disclosed, the court believes might result in physical harm or some other type of harm to the defendant or to any other person.
 {¶ 41} "* * *
 {¶ 42} "(3) If the court believes that any information in the presentence investigation report should not be disclosed pursuant to division (B)(1) of this section, the court, in lieu of making the report or any part of the report available, shall state orally or in writing a summary of the factual information contained in the report that will be relied upon in determining the defendant's sentence."
 {¶ 43} Appellant has further argued that R.C. 2951.03(C), which precludes appellate review of a trial court's discretionary decision regarding the content of the presentence investigation report, is a further denial of Appellant's constitutional right to due process.
 {¶ 44} "A petitioner for post-conviction relief has an initial burden of providing evidence of sufficient operative facts to demonstrate a cognizable claim of a constitutional error." State v. McNeill (2000),137 Ohio App.3d 34, 40, appeal not allowed (2000), 89 Ohio St.3d 1453, certiorari denied (2000), 531 U.S. 1041, 121 S.Ct. 637, 148 L.Ed.2d 543. Even assuming a defendant is able to state a "cognizable claim of a constitutional error," a trial court may deny a defendant's petition for postconviction relief if the claimed raised in the petition is barred by the doctrine of res judicata. See State v. Perry (1967), 10 Ohio St.2d 175.
 {¶ 45} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raisedor could have been raised by the defendant at the trial, which resultedin that judgment of conviction, or on an appeal from that judgment." (Emphasis added.) Perry, 10 Ohio St.2d 175, paragraph nine of the syllabus.
 {¶ 46} Assuming arguendo that Appellant's facial challenge to the constitutionality of R.C. 2951.03 constitutes "a cognizable claim of constitutional error," Appellant's argument that R.C. 2951.03(B) is unconstitutional is barred by the doctrine of res judicata. Appellant failed to raise the constitutionality of R.C. 2951.03 in a direct appeal from his conviction and sentence. Rather, Appellant first challenged the constitutionality of that statute in his petition for postconviction relief.[4] Appellant should have raised the constitutional argument at the sentencing hearing. Perry, 10 Ohio St.2d 175, paragraph nine of the syllabus. Therefore, Appellant's constitutional claim, which was presented for the first time in his petition for postconviction relief, is barred by the doctrine of res judicata.
 {¶ 47} Finally, we note that a petition for postconviction relief can defeat the res judicata bar only if "a petitioner produce[s] new evidence that would render the judgment void or voidable and also show[s] that he could not have appealed the claim based upon information contained in the original record." State v. Clemens (May 31, 2000), 9th Dist. No. 19770, at 3; see, also, State v. Cole (1982), 2 Ohio St.3d 112,114. Appellant has failed to put forth new evidence that was not present in the trial court record, nor has he demonstrated that he was unable to argue that R.C. 2951.03 was unconstitutional based on the evidence contained in the original record. Accordingly, Appellant's third assignment of error is without merit.
 III {¶ 48} Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
SLABY, P.J. CONCURS, CARR, J., CONCURS IN JUDGMENT ONLY.
[1] Appellant has cited to several cases for the proposition that a trial court should review similar cases in determining the appropriate sentence to be imposed on a defendant and note on the record the reasons why a defendant's sentence is consistent with sentences imposed upon similar offenders who committed similar crimes. However, Appellant has failed to include in the record the judgment entries for those cases. Therefore, this Court is unable to address whether those cases are applicable to the case at bar.
[2] The principles expressed in R.C. 2929.11 include: (1) the Reasonableness Principle ("A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing."); (2) the Proportionality Principle ("A sentence * * * shall be * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim[.]"); and (3) The Consistency Principle ("A sentence shall * * * be consistent with sentences imposed for similar crimes committed by similar offenders.") Griffin and Katz, Ohio Felony Sentencing Law (2001), 17-18, quoting R.C.2929.11(B).
[3] R.C. 2929.12(A) states: "Unless otherwise required by [R.C. 2929.13
or R.C. 2929.14], a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in [R.C. 2929.11]."
[4] Although Appellant has simultaneously appealed from 1) his conviction and sentence, and 2) the denial of his petition for postconviction relief, his constitutional challenge was raised only in his petition for postconviction relief and his appeal from the denial thereof. His constitutional argument is therefore not a part of his direct appeal from his conviction and sentence. Moreover, even if Appellant had raised the issue on direct appeal, we would decline to hear the constitutional claim for the first time on appeal because Appellant failed to raise the issue during his sentencing hearing. See State v.Awan (1986), 22 Ohio St.3d 120, 122.