DECISION AND JOURNAL ENTRY.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made.
{¶ 1} Appellant, John David Smith, appeals the decision of the Wayne County Court of Common Pleas, which denied his motion to vacate and set aside judgment. This Court affirms.
 I. {¶ 2} On August 30, 2000, the Wayne County Grand Jury indicted appellant on one count of aggravated murder, in violation of R.C. 2903.01. The deceased was appellant's ex-wife, Janice Elaine Hartman Smith. Appellant pled not guilty, and the case proceeded to a jury trial. The jury acquitted appellant of aggravated murder, but found him guilty of the lesser offense of murder, in violation of R.C. 2903.02. Appellant was sentenced accordingly.
 {¶ 3} On July 20, 2001, appellant moved for a new trial, pursuant to Crim.R. 33(A)(1). The State responded in opposition to the motion. The trial court denied appellant's motion for a new trial.
 {¶ 4} On August 17, 2001, appellant filed a notice of appeal from his conviction. This Court affirmed appellant's conviction and sentence.State v. Smith, 9th Dist. Nos. 01CA0039 and 01CA0055, 2002-Ohio-4402. On October 9, 2002, appellant filed a notice of appeal in the Supreme Court of Ohio. The Supreme Court denied appellant's appeal. State v. Smith,98 Ohio St.3d 1411, 2003-Ohio-60.
 {¶ 5} On May 20, 2002, appellant filed a petition to vacate and set aside judgment, pursuant to R.C. 2953.21. The State filed a motion opposing appellant's motion for postconviction relief. The trial court dismissed appellant's motion for postconviction relief.
 {¶ 6} Appellant timely appealed, setting forth one assignment of error for review. For reasons set forth below, this Court does not reach the merits of appellant's argument.
 II. ASSIGNMENT OF ERROR "The trial court erred in dismissing Smith's petition without anevidentiary hearing because Smith provided sufficient evidence that hewas denied the effective assistance of counsel as guaranteed by the Sixthand Fourteenth Amendments to the United States Constitution, and Section10, Article I of the Ohio Constitution."
 {¶ 7} In his sole assignment of error, appellant argues that the trial court erred in dismissing his petition for postconviction relief.
 {¶ 8} Petitions for postconviction relief are governed by R.C.2953.21, which provides in pertinent part:
"Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." R.C. 2953.21(A)(1).
 {¶ 9} In the case sub judice, appellant argued that he was denied his constitutional right to effective assistance of counsel. Specifically, appellant argued that he was denied effective assistance of counsel because his trial counsel failed to consult and seek the advice and testimony of an expert witness to rebut the testimony of the State's expert witness, Sandra Anderson, and her dog, Eagle. In addition, appellant claimed he was denied effective assistance of counsel because his trial counsel did not seek a change of venue.
 {¶ 10} "A petitioner for post-conviction relief has an initial burden of providing evidence of sufficient operative facts to demonstrate a cognizable claim of a constitutional error." State v. McNeill (2000),137 Ohio App.3d 34, 40, appeal not allowed (2000), 89 Ohio St.3d 1453, certiorari denied (2000), 531 U.S. 1041, 148 L.Ed.2d 543. Even assuming a defendant is able to state a "cognizable claim of a constitutional error," a trial court may deny a defendant's petition for postconviction relief if the claimed raised in the petition is barred by the doctrine of res judicata. See State v. Perry (1967), 10 Ohio St.2d 175.
"Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis omitted.) Perry, 10 Ohio St.2d at paragraph nine of the syllabus.
 {¶ 11} Appellant's argument that he was denied effective assistance of counsel is barred by the doctrine of res judicata. The arguments appellant presents in the present appeal were raised in appellant's direct appeal to this Court and addressed in this Court's decision. Appellant raised the issue of the effectiveness of his trial counsel with regard to the testimony concerning Eagle's search in his direct appeal. Assuming, without deciding, that it was error to admit testimony regarding the results of Eagle's search, this Court found such error harmless. Smith, at ¶ 68. This Court's ruling that the admission of testimony regarding the results of Eagle's search was harmless error disposes of appellant's claim of ineffective counsel in that regard as well. See State v. Cureton, 9th Dist. No. 01CA3219-M,2002-Ohio-5547. This Court also addressed appellant's argument regarding his trial counsel's failure to seek a change of venue in its previous opinion. Smith, at ¶¶ 111-114.
 {¶ 12} Finally, this Court notes that in order for a petition for postconviction relief to overcome the res judicata bar "a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." State v. Clemens (May 31, 2000), 9th Dist. No. 19770, quoting State v. Nemchik (Mar. 8, 2000), Lorain App. No. 98CA007279. Appellant has failed to put forth new evidence that was not present in the trial court record, nor has he demonstrated that he was unable to argue that he was denied effective assistance of counsel based on the evidence contained in the original record.
 {¶ 13} Accordingly, the doctrine of res judicata applies, and appellant's sole assignment of error is overruled.
 III. {¶ 14} The judgment of the Wayne County Court of Common Pleas is affirmed, albeit for reasons different than expressed by that tribunal.
Judgment affirmed.
BAIRD, P.J. and BATCHELDER, J. concur.