This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Freddie McNeill has appealed from a judgment of the Lorain County Common Pleas Court that denied the remaining two claims for relief in his petition for post-conviction relief, following a remand from this Court. This Court affirms.
 I.
McNeill was convicted of the aggravated murder of Blake Fulton and was sentenced to death. This Court affirmed his conviction and sentence on direct appeal. State v. McNeill (April 1, 1997), Lorain App. No. 95CA006158, unreported. The Ohio Supreme Court also affirmed the conviction and sentence. State v. McNeill (1998), 83 Ohio St.3d 438. While McNeill's direct appeal was pending in this Court, he filed a petition for post-conviction relief in the trial court. Upon motion by the State, the trial court dismissed McNeill's petition without a hearing. McNeill appealed the dismissal of his petition for post-conviction relief to this Court and that judgment was affirmed in part and reversed in part. State v. McNeill (2000), 137 Ohio App.3d 34.
While several claims were found to be baseless on their face or otherwise able to be resolved, this Court found that two claims alleging ineffective assistance of trial counsel during the penalty phase of the trial required evaluation in light of the trial record. The case file, including the trial transcript, was physically located at the Ohio Supreme Court pursuant to McNeill's appeal as of right at the same time the petition for post-conviction relief was pending in the trial court. Thus, the trial court did not have a complete record before it. Accordingly, this Court remanded the case for consideration of the fourth and ninth claims for relief in light of the complete record. On remand, the trial judge found that there are no substantial grounds for relief on either of those two claims and that McNeill had failed to adduce sufficient evidence to warrant a hearing. The trial court, therefore, dismissed McNeill's petition for post-conviction relief. McNeill timely appealed from the order of the trial court and has presented one assignment of error for review.
 II. ASSIGNMENT OF ERROR The ineffective assistance of counsel provided to appellant violated his rights to a fair and impartial trial and sentence, as guaranteed by the fifth, sixth, eighth and fourteenth amendments to the United States Constitution and Article I, [Sections] 5, 9, 10 and 16 of the Ohio Constitution.
 Through this assignment of error, McNeill claims that his trial attorneys were ineffective because they failed to properly investigate and present available mitigating evidence during the penalty phase of his trial and that the trial court erred in dismissing the claim of ineffectiveness without permitting discovery and allowing an evidentiary hearing. The central question for resolution by this Court is whether or not McNeill has made a sufficient showing to entitle him to an evidentiary hearing on the issue of the effective assistance of counsel during the mitigation phase of his capital trial.
Regarding hearings in post-conviction proceedings, R.C. 2953.21(C) provides in pertinent part:
 Before granting a hearing * * * the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized record of the clerk of the court, and the court reporter's transcript.
 "Thus, the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavit and the files and records of [the] cause." State v. Jackson (1980), 64 Ohio St.2d 107, 110. See, also, State v. Strutton (1988), 62 Ohio App.3d 248, 251.
Furthermore, before a hearing is granted in proceedings for post-conviction relief upon a claim of ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing "sufficient operative facts" that demonstrate the lack of competent counsel, as well as prejudice to him arising from counsel's ineffectiveness. State v. Jackson (1980), 64 Ohio St.2d 107, syllabus. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington
(1984), 466 U.S. 668, 688, 80 L.Ed.2d 674, 693. "The performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 688, 80 L.Ed.2d at 694. In addition, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 80 L.Ed.2d at 698. When a defendant challenges a death sentence, "the question is whether there is a reasonable probability that, absent the errors, the sentencer — including an appellate court, to the extent it independently reweighs the evidence — would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." Id. at 694,80 L.Ed.2d at 698. Accord Williams v. Taylor (2000), 529 U.S. 362,146 L.Ed.2d 389.
The Ohio Supreme Court has stated that "the duty of defense counsel to investigate his client's background for mitigating factors is an indispensable component of the constitutional requirement that a criminal defendant — and particularly one on trial for his life — be afforded effective representation and assistance from his lawyer." Statev. Johnson (1986), 24 Ohio St.3d 87, 90, overruled in part on other grounds by State v. Jenks (1991), 61 Ohio St.3d 259. However, the presentation of mitigating evidence has also been declared to be a matter of trial strategy. State v. Keith (1997), 79 Ohio St.3d 514, 530. The United States Supreme Court has indicated that "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland v. Washington,466 U.S. at 691, 80 L.Ed.2d at 695.
Because McNeill had different counsel on appeal, he may not make a claim of ineffective assistance of counsel unless he presents evidencedehors the record, which demonstrates the ineffectiveness. State v.Cole (1982), 2 Ohio St.3d 112, syllabus. Such evidence "`must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of [State v. Perry (1967), 10 Ohio St.2d 175] by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'" State v. Lawson (1995),103 Ohio App.3d 307, 315, quoting State v. Coleman (Mar. 17, 1993), Hamilton App. No. C-900811, unreported, 1993 Ohio App. LEXIS 1485, at *21. Upon these standards, this Court considers McNeill's two claims for relief.
 A.
McNeill contends that his trial attorneys were deficient in failing to investigate and present testimony from family and friends that would detail his family history, character and background. In support of his petition, McNeill presents affidavits of family members, friends and two psychologists. McNeill would draw three conclusions from this evidence. First, he contends that while the testimony at trial portrayed his mother as largely supportive, a broader picture would demonstrate that she, at times, ignored his efforts to get her attention, that she was less than supportive on occasions — particularly during his participation in a treatment program for drug and alcohol abuse, that she failed to fully protect him from the influence of his father and his father's friends, that she occasionally left him home alone with a sister or in the care of his grandmother, and that she treated him differently from her other children because of the darker tone of his skin.
The record reveals, however, that it was a matter of mitigation strategy to demonstrate that McNeill had a support system that would continue during a prison term and, further, that his system of support included his mother. Trial counsel so argued to the jury during closing argument. To now claim that trial counsel was ineffective for not pointing out weaknesses in McNeill's mother is, at most, a debatable issue. Even McNeill's argument in his present post-conviction proceeding includes references to the repeated efforts of McNeill's mother to obtain help for her son in school. To reiterate the words of the United States Supreme Court: "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." Strickland v. Washington,466 U.S. at 689, 80 L.Ed.2d at 695. The use of debatable trial tactics does not amount to ineffective assistance of counsel. State v. Clayton
(1980), 62 Ohio St.2d 45, 49. This argument is without merit.
Second, McNeill contends that the affidavits he has provided demonstrate that the Lorain School District failed to provide early diagnosis and proper treatment of his dyslexia and ADHD (attention deficit hyperactivity disorder). While it appears that McNeill's dyslexia was not diagnosed until he reached the age of fifteen, and years after McNeill's mother began seeking such testing, it also appears that an initial diagnosis of ADHD had been made much earlier and that McNeill had been successfully treated with Ritalin. The argument in the present case seems to be that placement in the SBH (severely behaviorally handicapped) program in his school was improper treatment for McNeill, reflected negligence, and created one of the "roadblocks in his life." McNeill argues that this evidence was not presented at his mitigation hearing.
The same point, however, was made by Dr. Sandra McPherson, clinical and forensic psychologist, during the mitigation hearing. She reported and testified that the school did not properly address McNeill's problems and that it failed to address his learning disability since as early as the first grade. The school system also moved him around to fourteen schools in nine years — at the demand of the school system, not that of his mother. McPherson explained that the constant adjustment was difficult for a child with ADHD. McPherson concluded that McNeill did not receive proper intervention in his school and that, by treating him as they did, they actually "set him back."
The newly proffered evidence is, therefore, cumulative of the information already presented during the penalty phase of the trial and does not present sufficient operative facts demonstrating that his trial attorneys were ineffective in regard to presenting mitigating evidence on McNeill's treatment by the school system. See State v. Powell (1993),90 Ohio App.3d 260, 270. Furthermore, even to the extent that McNeill may now wish to expand upon the point, it is settled that a post-conviction petition does not demonstrate ineffective assistance of counsel even when it presents a new expert opinion that is different from the theory used at trial. State v. Combs (1994), 100 Ohio App.3d 90,103. The argument is without merit.
Finally, McNeill contends that his trial attorneys failed to develop the psychological impact of the discriminatory treatment McNeill received because of his darker skin tone. McNeill's "Big Brother," Darnel Haney, testified regarding this factor during the mitigation hearing. Haney, the Associate Dean of Students and Director of Student Life at Lorain County Community College, has a master's degree in sociology and wrote his master's thesis on black high school dropouts. Haney has worked for twenty-five years in education, does nation-wide consulting work, and volunteers part of his time to the Big Brother program. Haney testified regarding the issue of discrimination by McNeill's school and among African-Americans themselves on the basis of color. The fact that McNeill would choose now to expand upon the issue does not render his trial attorneys unreasonable in their representation at his trial. The Court finds no merit in this argument.
 B.
In his remaining claim for relief, McNeill has argued that his trial attorneys failed to obtain the services of a "competent" clinical psychologist to rebut the improper arguments of the State. The psychologist who testified at the mitigation phase of McNeill's trial earned a master's degree and a doctorate degree from Case Western Reserve University in clinical psychology and had over twenty years of experience in private and group practice. She completed two internships, including one with the Child Guidance Center in Cleveland. She is licensed to practice psychology and has a diploma from the American Board of Professional Psychology in clinical and forensic psychology. She had testified in previous capital cases, as well as in hundreds of domestic relations matters. In preparation for her testimony, she met with McNeill on two occasions, conducting interviews and tests. She administered the Bender-Gestalt, the Wechsler Adult Intelligence Scale- Revised, Wide Range Achievement-Revised, and Rorschach tests. She interviewed McNeill's mother, obtained school records and information from chemical dependency treatment programs, and reviewed information regarding his family and social history that had been obtained by the mitigation specialist who worked with the defense team.
McNeill contends that the expert's testimony was lacking in that she did not rebut the State's claim that McNeill chose to not take advantage of the opportunities available to him, but rather that he could not do so because of his learning infirmities; that she did not sufficiently develop the lack of proper treatment by the Lorain schools; and that she failed to develop the psychological impact of the discriminatory treatment McNeill received because of his darker skin tone.
This is not a case where there was no investigation at all and no evidence presented at all during the mitigation hearing. See State v.Johnson, 24 Ohio St.3d at 88-89. Nor is it a case where the expert's testimony was "bizarre and eccentric," and presented "no legitimate mitigation evidence, representing an "abdication of advocacy." SeeSkaggs v. Parker (C.A.6, 2001), 253 F.3d 261, 269. This is a case where the expert appears to be qualified, conducted a reasonable investigation, relying in part on reports provided by a mitigation specialist, and a case in which the defense team made reasonable choices as to the strategy they would pursue and the amount of time they would devote to particular issues.
As stated above, a post-conviction petition will not demonstrate ineffective assistance of counsel merely because it presents a new expert opinion that is different from the theory used at trial. State v. Combs
(1994), 100 Ohio App.3d 90, 103. Based on a review of the record, this Court concludes that McNeill has failed to present sufficient operative facts demonstrating that his trial counsel acted unreasonably in not selecting another psychologist as an expert witness.
 C.
McNeill has also argued that the trial court erred in dismissing his claims for relief without permitting discovery. The argument is not well taken. R.C. 2953.21 does not require the trial court to grant discovery during the initial stages of a post-conviction proceeding. This Court has held that there is no right to conduct discovery in post-conviction relief proceedings. State v. Benner (Aug. 27, 1997), Summit App. No. 18094, unreported. See, also, State v. Smith (1986), 30 Ohio App.3d 138, wherein this Court held that R.C. 2953.21 does not contemplate the use of interrogatories in determining whether a hearing is warranted in a post-conviction proceeding. Therefore, the trial court did not err in this regard.
 III.
Upon review of the materials presented and the record in this case, this Court concludes that the trial court did not err in finding that McNeill did not demonstrate substantive grounds for relief. Accordingly, an evidentiary hearing was not warranted. McNeill's assignment of error is overruled. The judgment of the trial court dismissing the petition for post-conviction relief is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ BETH WHITMORE
BATCHELDER, P.J., SLABY, J. CONCUR.