[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 457.]

THE STATE OF OHIO, APPELLEE, *v*. MCNEILL, APPELLANT.

[Cite as *State v. McNeill*, 1998-Ohio-38.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel—Application denied, when.*

(No. 97-1974—Submitted February 17, 1998—Decided October 28, 1998.)

APPEAL from the Court of Appeals for Lorain County, No. 95CA006158.

_____

{¶ 1} Appellant, Freddie McNeill, Jr., was convicted of aggravated murder and sentenced to death by the Lorain County Court of Common Pleas. The court of appeals affirmed his conviction and death sentence. *State v. McNeill* (Apr. 1, 1997), Lorain App. No. 95CA6158, unreported, 1997 WL 186348. McNeill's direct appeal of that judgment is now pending in this court (case No. 97-929). The record of McNeill's trial was filed in this court on June 9, 1997.

{¶ 2} On June 30, 1997, McNeill filed in the court of appeals an application to reopen his direct appeal pursuant to App.R. 26(B). The application alleged ineffective assistance of appellate counsel. Although App.R. 26(B)(2)(e) requires an application for reopening to "contain * * * [a]ny parts of the record available to the applicant," McNeill's application did not contain any part of the record.

{¶ 3} On July 28, 1997, McNeill filed a motion with the court of appeals requesting that court to "hold * * * in abeyance" its proceedings on his application until his direct appeal was decided by this court. McNeill argued that, "[s]ince the Supreme Court of Ohio is presently in possession of the record, [the court of appeals] will be unable to properly review the case and determine the prejudicial effect appellate counsel's deficient representation had on Mr. McNeill's proceedings."

**{¶ 4}** On August 5, 1997, the court of appeals denied McNeill's application to reopen because McNeill "has failed to provide us with the portions of the record this Court needs to evaluate the merits of [his] application. Because appellant's case is currently on appeal to the Ohio Supreme Court, we do not have access to the trial court record. Therefore, we cannot determine whether appellant even states a colorable claim of ineffective assistance of appellate counsel."

**{¶ 5}** Subsequently, the court of appeals denied McNeill's "motion to hold proceeding in abeyance," stating that an application for reopening under App.R. 26(B) must be ruled on within forty-five days of its filing.

**{¶ 6}** From the court of appeals' judgment denying his App.R. 26(B) application, McNeill appeals to this court as of right.

————————————

*Gregory A. White*, Lorain County Prosecuting Attorney, and *Jonathan E. Rosenbaum*, Chief Counsel, Criminal Division, for appellee.

*David H. Bodiker*, Ohio Public Defender, *Lawrence E. Komp* and *Jennifer E. Hite*, Assistant Public Defenders, for appellant.

————————————

***Per Curiam.***

**{¶ 7}** In his first proposition of law, McNeill contends that the court of appeals erred by denying his application without considering whether he made colorable claims of ineffective assistance. We disagree.

**{¶ 8}** App.R. 26(B)(2) states in pertinent part, "An application for reopening *shall* contain * * * (e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies." (Emphasis added.) McNeill failed to attach any part of the record to his application. His sole excuse is that, when he filed the application, the record was in the custody of this court. However, the question is not who had custody of the record, but whether it was "available to the applicant."

{¶ 9} McNeill falls far short of demonstrating that the record was unavailable to him when he filed his application. He evidently had access to the record of his trial, or a copy thereof, at that time, for his application cites the record. Moreover, the brief before us in the instant case quotes the record extensively. So does the brief filed on McNeill's behalf in No. 97-929 (his direct appeal on the merits to this court), which demonstrates that McNeill's counsel in No. 97-929 have also had access to the record.

{¶ 10} Counsel in the instant appeal could have copied the record when they had access to it, or obtained a copy with the cooperation of the other attorneys now representing McNeill in No. 97-929. Moreover, McNeill could have requested further access to the record from the Clerk of this court for the purpose of making a copy to attach to his App.R. 26(B) application. (We note that the state public defender, who represents McNeill both in the instant case and in a postconviction proceeding, recently requested and obtained a copy of the trial record from the Clerk of this court for purposes of the postconviction proceeding.)

{¶ 11} App.R. 26(B)(2)(e) places the responsibility squarely upon the applicant to provide the court of appeals with such portions of the record as are available to him. McNeill has not shown that the record was unavailable to him; hence, he was required to attach a copy to his application. As he failed to do so, his application was properly denied.

{¶ 12} McNeill further contends that the court of appeals should have granted his motion to delay its ruling on the application. The court of appeals denied that motion partly on a ground that McNeill contends is incorrect—that courts of appeals must rule on App.R. 26(B) applications within forty-five days of filing. We need not decide this point, however. Since McNeill did not comply with App.R. 26(B)(2)(e), the denial of his application was proper whether the motion to hold in abeyance was granted or not. Thus, any error in this regard was harmless.

**{¶ 13}** McNeill's second proposition of law alleges that inadmissible evidence was admitted in the penalty phase of his trial. This proposition does not allege ineffective assistance of appellate counsel. (In fact, appellate counsel raised this issue on direct appeal to the court of appeals.) This issue therefore was not properly raised in an App.R. 26(B) application, and is not properly before us on an appeal from the denial of the application.

**{¶ 14}** In his third proposition of law, McNeill asserts his sole substantive claim of ineffective appellate counsel. But "[t]he court of appeals never reached that claim, and it is not properly before us." *State v. Wickline* (1996), 74 Ohio St.3d 369, 372, 658 N.E.2d 1052, 1054.

**{¶ 15}** We overrule each of McNeill's propositions of law. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

————————————

**LUNDBERG STRATTON, J., concurring.**

**{¶ 16}** I agree with the majority's determination that McNeill failed to satisfy App.R. 26(B)(2)(e) because McNeill failed to attach any relevant portions of the record to his application and he made no showing that the record was unavailable. Rather, McNeill moved to stay the appellate court's determination of his application to reopen his appeal because the record was in the possession of this court and therefore the appellate court would be unable to properly review his petition.

**{¶ 17}** The appellate court's entry denying McNeill's application for reopening reasoned:

"[McNeill] has failed to provide us with the portions of the record this court needs to evaluate the merits of [McNeill's] application. Because [McNeill's] case is currently on appeal as of right to the Ohio Supreme Court, *we do not have access to the trial court record*. Therefore, we cannot determine whether appellant even states a colorable claim of ineffective assistance of counsel." (Emphasis added.)

**{¶ 18}** It is the appellate court's second conclusion that concerns me. Availability of the record for appellate *courts* to review cases is of paramount importance to any court. It is entirely possible, and in death penalty cases probable, that a criminal defendant will have several motions pending concurrently in different courts. See R.C. 2953.21. In light of that probability, this court proposed and adopted S.Ct.Prac.R. XIX(4)(D) and App.R. 11(B).[1] App.R. 11(B) requires that on direct appeal the clerk for the appellate court shall make a duplicate record or *make the record available* to the trial court when a trial court is exercising concurrent jurisdiction over a motion for postconviction relief. S.Ct.Prac.R. XIX(4)(D) requires that on a direct appeal of a death penalty case, the clerk of the trial court must make and retain a copy of the record for *use* in postconviction proceedings that run concurrently with the direct appeal to the Ohio Supreme Court. See Staff Notes to Rule XIX. These rules do not cover the situation in this case or in a case where proceedings are pending in all three courts.[2] But the principle behind the rules requires that the Clerk of this court and clerks of appellate courts should *share* records (if possible) when concurrent appeals or motions are pending in other courts. The alternative is for clerks to make copies of the record, which in

---

1. Neither of these rules is applicable in this case. S.Ct.Prac.R. XIX applies only to offenses committed on or after January 1, 1995. McNeill was convicted of an aggravated murder that occurred on May 13, 1994. App.R. 11(B) was amended in July 1997, after McNeill's direct appeal had been resolved.

2. Due to the new rules making the death penalty case directly appealable to this court, it is unlikely that such a case will have motions concurrently pending in all three courts. However, the new rules do not affect other criminal cases.

a death penalty case can be voluminous.  This would result in unnecessary labor by the courts and expense to the taxpayers, since death penalty defendants are usually indigent.

{¶ 19} We should encourage a system of sharing the record so that each court can expeditiously handle its review, the defendant is not inadvertently harmed, and the taxpayer does not have to fund the cost of unnecessary duplicate records.

————————————