OPINION AND JOURNAL ENTRY
Defendant-appellant Peter Wolfe filed an application requesting that this court reopen his criminal appeal on the grounds that he received ineffective assistance of appellate counsel. For the following reasons, appellant's application is denied.
 BACKGROUND
Appellant was charged with two counts of felony drug trafficking after he made two sales of cocaine to a pair of police informants. He was then convicted by a jury in the Belmont County Common Pleas Court. Appellant was sentenced to ten months on each count to run consecutively. His house was forfeited pursuant to a criminal forfeiture specification. New counsel was appointed to represent appellant on appeal. The appellate brief set forth two assignments of error. The first assignment of error alleged that the forfeiture was excessive, and the second assignment of error claimed that trial counsel was ineffective for failing to argue the defense of entrapment. This court overruled both assignments of error inState v. Wolfe (June 30, 2000), Belmont App. No. 97 BA 37, unreported. On September 28, 2000, appellant filed the within application for reopening of the appeal. This application is timely as it was filed within ninety days from the journalization of the appellate judgment as permitted by App.R. 26(B)(1).
 LAW
Pursuant to App.R. 26(B)(1), a defendant in a criminal case may apply for reopening of his appeal based on a claim of ineffective assistance of counsel. If the appellate court determines that there is a genuine issue as to whether the defendant was deprived of effective assistance of counsel on appeal, the court must grant the application for reopening, appoint new appellate counsel and allow new merit briefs to be filed. App.R. 26(B)(5), (6)(a) and (7).
Ineffective assistance of counsel in this context is determined by the same two-pronged test set forth in the landmark case of Strickland v.Washington (1984), 466 U.S. 668. State v. Reed (1996), 74 Ohio St.3d 534,535. That is, one must inquire whether counsel's performance was deficient and, if so, whether that deficient performance prejudiced the outcome of the case. Id.
As aforementioned, the defendant in an application for reopening need not actually demonstrate ineffective assistance of appellate counsel but must demonstrate that a genuine issue exists regarding the effectiveness of appellate counsel. App.R. 26(B)(5). See, also, State v. Spivey
(1998), 84 Ohio St.3d 24, 25 (stating that the defendant bears the burden to establish that there was a genuine issue as to whether he has a colorable claim of ineffective assistance of appellate counsel). The actual demonstration of ineffective assistance need only occur within the new merit brief which is filed if reopening of the appeal is permitted. App.R. 26(B)(7). See, also, Staff Note to App.R. 26(B) (explaining the two-stage procedure).
In order to demonstrate that there is a genuine issue as to the effectiveness of appellate counsel, App.R. 26(B)(2) requires that the defendant's application for reopening contain the following items:
 "(c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court * * *;
 (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;
 (e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies."
Thus, a defendant cannot merely claim ineffective assistance of appellate counsel but must set forth specific assignments of error that appellate counsel should have raised and supported those assignments with a statement of the particular manner in which the defense was prejudiced.
 ARGUMENTS AND ANALYSIS
Initially, appellant claims that appellate counsel should have filed a no merit brief because the original appellate brief submitted only took issue with the forfeiture and did not assign any errors regarding the conviction. However, appellate counsel assigned as error, and this court addressed, the issue of trial counsel's failure to argue entrapment. Entrapment is a defense to a conviction. State v. Rhodes (1992),63 Ohio St.3d 613, 625 (stating that entrapment is an affirmative defense involving confession and avoidance). Hence, appellate counsel did set forth an argument regarding appellant's conviction. Additionally, counsel set forth a detailed and persuasive argument on the propriety of the forfeiture. Thus, a no merit brief would not have been proper. See,e.g., Anders v. California (1967), 386 U.S. 738, 744; State v. Toney
(1970), 23 Ohio App.2d 203, 206-207.
Appellant suggests that in a case with a six-volume record, there must exist more potential assignments of error than those addressed by appellate counsel. Appellant's application for reopening basically sets forth three potential assignments of error. He presents these arguments as follows:
 "Although the Defendant/appellant has steadfastly controverted the records, and has stated to all courts that there are missing records, (transcript of May 29, 1997 hearing), [counsel] failed to present argument to the search warrant and Affidavit in support thereof. See Motion to suppress of May 1, 1997."
 "The appellate counsel also failed to present argument to hearsay objections on the record (trial transcript, page 309, `motion to strike granted to defense' which the jury heard)."
 "Appellate counsel also failed to present argument to the trial court's finding Joe Belot [an informant who did not testify] unavailable under Ev.R. 804(A)(5). Transcript pg 314 when defense counsel told the court that he could present testimony and witnesses to the fact that Joe Belot was driving the car and delivering Kim Clifford [an informant who did testify] to the Court Building prior to trial."
Besides these arguments which constitute the memorandum in support of the application, appellant submits an affidavit that merely swears that the memorandum is true. Lastly, appellant attaches the merit brief filed in the direct appeal.
First, we must point out that appellant cites to a suppression motion, a suppression hearing transcript and his trial transcript; however, he fails to attach any portion of this record to his application. Pursuant to App.R. 26(B)(2)(e), the application "shall contain * * * [a]ny parts of the record available." Although the Staff Note suggests that submission of portions of the record is not mandatory, such is not the case where the defendant cites portions of the record in lieu of explaining the reasoning behind his allegations of deficiency and prejudice. Moreover, the Supreme Court has held that a defendant is required to attach the relevant portions of the record that are available to him. State v. McNeill (1998), 83 Ohio St.3d 457, 458-459. In that case, the court inferred the defendant had access to the record by the fact that his application cited the record. Id. The court also noted that the defendant could have requested the clerk's office to release the record. Id. Hence, appellant's application is lacking in this regard.
Furthermore, appellant failed to comply with App.R. 26(B)(2)(d) as set forth supra. His affidavit merely sets forth that the memorandum is true. However, neither the affidavit nor the memorandum state the "basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." App.R. 26(B)(2)(d). For instance, we do not know of what records appellant speaks. We do not know the reason the court denied the suppression motion that was purportedly filed. We do not know what statement the court struck from the record. We do not know if hearsay was admitted that would require a showing of unavailability or if appellant is merely complaining that the state only called one of its two informants to the stand.
A defendant may not point us to pages of the record without ordering that the record be sent to us or copying the relevant pages and then hope that we turn his general allegation of deficiency into a particular one and then hope that we create our own explanations on how his defense could have been prejudiced. We are left unaware of the strength of the three briefly mentioned potential assignments of error, and as the Supreme Court says, "refusal to raise these weak arguments simply does not create a genuine issue of ineffective assistance." State v. Allen
(1996), 77 Ohio St.3d 172, 173. Moreover, the Supreme Court has stated that an affidavit which merely swears to the truth of the allegations in the application falls short of the particularity required by App.R. 26(B)(2)(d). State v. Franklin (1995), 72 Ohio St.3d 372, 373.
For the foregoing reasons, appellant has failed to demonstrate that there is a genuine issue regarding the effectiveness of his appellate counsel. Accordingly, appellant's application to reopen his appeal is hereby denied.
Cox, P.J., concurs, Vukovich, J., concurs, Donofrio, J., concurs.