[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 376.]

THE STATE OF OHIO, APPELLEE, *v*. JONES, APPELLANT.

[Cite as *State v. Jones*, 2001-Ohio-55.]

*Appellate procedure—Application for reopening appeal from judgment of conviction based on claim of ineffective assistance of appellate counsel—Application denied when applicant fails to establish a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal—Court of appeals' denial of application affirmed.*

(No. 99-986—Submitted January 30, 2001—Decided April 25, 2001.)

APPEAL from the Court of Appeals for Hamilton County, No. C-970043.

————————————

*Per Curiam.*

{¶ 1} Appellant, Elwood H. Jones, was convicted of aggravated murder with death specifications, aggravated burglary, and aggravated robbery. He was sentenced to death. Upon appeal, the court of appeals affirmed the convictions and sentence. *State v. Jones* (Aug. 28, 1998), Hamilton App. No. C-970043, unreported, 1998 WL 542713. On direct appeal as of right, we also affirmed his convictions and sentence on December 27, 2000. *State v. Jones* (2000), 90 Ohio St.3d 403, 739 N.E.2d 300.

{¶ 2} On November 27, 1998, appellant filed an application for reopening with the court of appeals pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, alleging ineffective assistance of appellate counsel in his direct appeal.

{¶ 3} In denying appellant's application for reopening, the court of appeals relied on *State v. McNeill* (1998), 83 Ohio St.3d 457, 459, 700 N.E.2d 613, 615, and held that he had not properly alleged ineffective assistance of appellate counsel. The court further held that if it were to assume that appellant had properly raised

ineffective assistance of appellate counsel claims, he failed to state " 'the manner in which the deficiency [in appellate counsel's performance] prejudicially affected the outcome of the appeal,' which is required by App.R. 26(B)(2)(d)." (Bracketed material *sic*.)  The cause is now before the court upon an appeal as of right.

{¶ 4} We agree with the court of appeals that appellant failed to state a claim of ineffective assistance of appellate counsel.  The two-pronged analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess whether Jones has raised a "genuine issue" as to the ineffectiveness of appellate counsel in his request to reopen under App.R. 26(B)(5).  See *State v. Spivey* (1998), 84 Ohio St.3d 24, 25, 701 N.E.2d 696, 697.

{¶ 5} To justify reopening his appeal, Jones "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal."  *Id.*

{¶ 6} We have reviewed appellant's six propositions of law alleging deficient performance by appellate counsel.  In none of the six instances has Jones raised "a genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal" before the court of appeals, as required under App.R. 26(B)(5).

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Michael K. Allen*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker,* Ohio Public Defender, *Gregory W. Meyers,* Senior Assistant Public Defender, and *Jennifer P. Hite,* Assistant Public Defender, for appellant.

_____