This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Freddie McNeill has appealed from an order of the Lorain County Common Pleas Court that denied his motion for an order declaring Ohio's postconviction statute unconstitutional. This Court affirms.
 I
Appellant was convicted of aggravated murder and sentenced to death. His conviction was affirmed on appeal to this Court, and the Ohio Supreme Court. State v. McNeill (Apr. 1, 1997), Lorain App. No. 95CA6158, unreported; State v. McNeill (1998), 83 Ohio St.3d 438. This Court also denied Appellant's motion for reopening, which likewise was affirmed by the Ohio Supreme Court. State v. McNeill (1998), 83 Ohio St.3d 457.
While his direct appeal was pending in this Court, Appellant filed a petition for postconviction relief in the trial court. The trial court denied Appellant relief, and Appellant appealed to this Court. This Court affirmed in part, reversed in part, and remanded Appellant's petition to the trial court. While Appellant's petition was on remand, Appellant filed the motion presently on appeal, styled "Motion for an Order Declaring Ohio Postconviction Statute Unconstitutional" (hereinafter referred to as "Appellant's motion"). The trial court denied Appellant's motion, and Appellant has appealed, asserting one assignment of error.
 II Assignment of Error The trial court erred in its denial of Appellant's motion to declare Ohio's postconviction statute unconstitutional to a successor postconviction petition.
Appellant has asserted that the trial court erred in denying his motion. The record before this Court does not contain a copy of Appellant's motion. It appears from his arguments to this Court, however, that Appellant has attempted to articulate a constitutional challenge to Ohio's postconviction process based on alleged violations of his rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States. Appellant has first argued that the denial of discovery procedures for the investigation and preparation of his claims for postconviction relief violates his due process rights. Appellant has also argued that no "adequate statewide standard" exists for the determination of whether a petitioner has presented "sufficient operative facts" in order to obtain an evidentiary hearing pursuant to R.C. 2953.21.
In Appellant's prior appeal from the denial of his petition for postconviction relief, he challenged the constitutionality of Ohio's postconviction relief procedure. This Court held that Appellant waived his right to challenge the constitutionality of R.C. 2953.21 because he had failed to raise the issue in the trial court:
 Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of [the petition for post-conviction relief], constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.
(Citation omitted.) (Alteration in original.) State v. McNeill (2000),137 Ohio App.3d at 44, appeal not allowed (2000), 89 Ohio St.3d 1453, quoting State v. Benner (Aug. 27, 1997), Summit App. No. 18094, unreported. That Appellant waived his right to challenge the constitutionality of R.C. 2953.21 has now become the law of the case.Nolan v. Nolan (1984), 11 Ohio St.3d 1, 3. "[T]he doctrine of the law of the case provides that the decision of a reviewing court in a case remains the law of that case for all subsequent proceedings at both the trial court and reviewing levels." Id. at 5. Accordingly, Appellant was precluded from attempting to revive the issue by filing a new motion in the trial court. As this Court has already held that Appellant waived this issue, Appellant cannot challenge the constitutionality of R.C.2953.21 at the trial court level by motion, or before this Court on appeal from the denial of that motion.
This Court finds that the trial court did not err in denying Appellant's motion. See Joyce v. Gen. Motors Corp. (1990), 49 Ohio St.3d 93,96 (explaining that reviewing courts must affirm the trial court's judgment if, upon review, any valid grounds are found to support that judgment).
 III
Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
BAIRD, P.J., CARR, J. CONCUR.