OPINION
Vaughn Freeman ("appellant") appeals the July 10, 2001 judgment entry by the Ashtabula Court of Common Pleas, sentencing him upon a jury finding him guilty of "harassment by inmate." For the following reasons, we affirm the decision of the lower court.
Appellant, age 29, was serving a prison sentence at the Lake Erie Correctional Institution in Conneaut, Ohio. On August 8, 2000, a complaint was filed against appellant for one count of "harassment by inmate," a violation of R.C. 2921.38(A), a felony of the fifth degree. Appellant was alleged to have spit on corrections officer, Sergeant William Luoma, while he was an inmate at the Lake Erie Correctional Institution, exuding saliva, a bodily fluid, with the intention of harassing or annoying Sergeant Luoma. A jury trial commenced on April 24, 2001. The jury found appellant guilty of "harassment by inmate." On July 9, 2001, a sentencing hearing was held. Appellant was sentenced to serve a six-month prison term, with credit for days already served. Appellant's sentence was journalized in a judgment entry filed on July 10, 2001.
On July 13, 2001, appellant filed a timely notice of appeal. Appellant asserts the following assignment of error for review:
 "The trial court erred to the prejudice of the appellant when it denied appellant's motion for acquittal under criminal rule 29 at the close of the state's case."
In his sole assignment of error, appellant contends that the state did not prove beyond a reasonable doubt all of the elements of the offense of "harassment by inmate." Specifically, appellant's arguments on appeal center around the element of the offense pertaining to a "detention facility." Appellant asserts that his acts, because they were committed in a privately run correctional facility, are crimes only if the facility was being operated pursuant to a contract that was entered into under R.C. 9.06(G). Appellant argues that the terms of that contract and its compliance with R.C. 9.06 are therefore elements of the offense of "harassment by inmate," which the state must prove beyond a reasonable doubt. Appellant claims that the trial court erred in denying his motion for acquittal because the state presented absolutely no evidence that the Lake Erie Correctional Institution was being operated pursuant to a valid contract under R.C. 9.06.
A Crim.R. 29 motion for acquittal challenges the sufficiency of the evidence presented. State v. Talley (Sept. 25, 1998), 11th Dist. No.97-L-169, 1998 Ohio App. LEXIS 4526. A sufficiency of the evidence argument challenges whether the prosecution presented evidence for each element of the charged offense, allowing the matter to go to the jury.State v. Rhodes, 11th Dist. No. 2000-L-089, 2001-Ohio-8693, 2001 Ohio App. LEXIS 5650, at 25, citing State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13. Upon appeal, the test for sufficiency of evidence is whether, after viewing the probative evidence and the inference drawn from it, in the light most favorable to the prosecution, any rational trier of fact could find that all of the elements of the charged offense were proven beyond a reasonable doubt.State v. Jones, 91 Ohio St.3d 335, 2001-Ohio-55; State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. Sufficiency is a test of adequacy. An appellate court cannot reverse a verdict if there exists sufficient evidence in which the jury could reasonably find that all the elements of the offenses charged were proven beyond a reasonable doubt.Schlee, supra, at 14, citing State v. Eley (1978), 56 Ohio St.2d 169, syllabus; see, also, State v. DeHass (1967), 10 Ohio St.2d 230.
Any claim of error concerning the denial of a Crim.R. 29 motion for acquittal is waived by the failure to renew the motion at the close of the evidence, unless the case is tried to the bench. State v. Miley
(1996), 114 Ohio App.3d 738, 742; State v. Thomas (Oct. 11, 1996), 11th Dist. No. 95-T-5253, 1996 Ohio App. LEXIS 4545, at 6. Upon review of the record, the instant case was tried before a jury. Appellant made a Crim.R. 29 motion for acquittal upon the close of the state's case in chief. The trial court overruled appellant's motion. The defense subsequently stated that it rested its case without presenting any evidence. Although appellant did not renew his motion after he rested his case, his Crim.R. 29 motion was made at the close of all the evidence that was presented during the trial. As such, appellant preserved his argument on appeal to challenge the denial of his Crim.R. 29 motion for acquittal.
We begin with R.C. 2921.38, "harassment by inmate," which provides, in part:
 "(A) No person who is confined in a detention facility, with intent to harass, annoy, threaten, or alarm another person, shall cause or attempt to cause the other person to come into contact with blood, semen, urine, feces, or another bodily substance by throwing the bodily substance at the other person, by expelling the bodily substance upon the other person, or in any other manner." (Emphasis added.)
Appellant's arguments on appeal are based solely upon the requisite element that an individual be confined in a "detention facility." Appellant argues that the trial court should have granted his motion for acquittal because the state failed to present sufficient evidence pertaining to the "detention facility" element.
R.C. 2921.01(F) defines a "detention facility" as:
 "* * * [A]ny public or private place used for the confinement of a person charged with or convicted of any crime in this state or another state or under the laws of the United States or alleged or found to be a delinquent child or unruly child in this state or another state or under the laws of the United States." (Emphasis added.)
R.C. 2921.01(F) is clear and unambiguous in its definition of a "detention facility." See State v. Cox (Sept. 29, 2000), 11th Dist. No. 99-L-107, 2000 Ohio App. LEXIS 4570, at 8. The committee comments to R.C. 2921.01 state that the term "detention facility" is broadly defined to include any temporary or permanent lock-up, jail, workhouse, or juvenile or adult penal or reformatory facility.
Generally, criminal statutes must be strictly construed against the state and liberally construed in favor of the accused. R.C. 2901.04(A). However, "courts do not have the authority to ignore the plain and unambiguous language of a statute under the guise of either statutory interpretation or liberal construction; [and] in such situation, the courts must give effect to the words utilized." State v. Snowder,87 Ohio St.3d 335, 336-337, 1999-Ohio-135, citing Morgan v. Ohio AdultParole Auth., 68 Ohio St.3d 344, 347, 1994-Ohio-380.
Appellant argues that the state presented absolutely no evidence that the Lake Erie Correctional Institution was being operated pursuant to a valid contract under R.C. 9.06. Appellant claims that the terms of that contract and its compliance with R.C. 9.06 are elements of the offense of "harassment by inmate," which the state must prove beyond a reasonable doubt.
R.C. 9.06 sets forth various provisions relating to contracts for the private operation and management of correctional facilities. R.C. 9.06
enables certain government entities to contract for the private operation of correctional facilities. Simmons-Harris v. Goff, 86 Ohio St.3d 1, 14,1999-Ohio-77. In particular, appellant references R.C. 9.06(G), which provides that "[a]ny offense that would be a crime if committed at a state correctional institution or jail, workhouse, prison, or other correctional facility shall be a crime if committed by or with regard to inmates at facilities operated pursuant to a contract entered into under this section."
With regard to the charged offense of "harassment by inmate" under R.C. 2921.38(A), R.C. 9.06(G) has no applicability. R.C. 2921.38 only requires that the person be confined to a detention facility. The terms of the contracts for the private operation and management of correctional facilities have no application to the determination of whether or not the state must prove such a contract exists and that it is in compliance with the law to prove that an inmate confined to a private detention facility may be in violation of R.C. 2921.38. All statutes, which relate to the same general subject matter, must be read in pari materia. State v.Patterson, 81 Ohio St.3d 524, 1998-Ohio-611. In this way, all aspects of a statutory scheme must be interpreted harmoniously and given complete application. Hughes v. Ohio Bur. of Motor Vehicles, 79 Ohio St.3d 305,1997-Ohio-387. When reviewing the two statutes at issue here, we find there is no reason to apply the doctrine of pari materia. R.C. 9.06
permits the state to enter into contracts with private institutions to serve as correctional facilities. R.C. 2921.38 defines the crime of harassment by inmate. The contract between the state and the private facility is not an element of the crime. There is no constitutional issue present that would lead to the result appellant advances, which is to graft another element onto the statute governing the offense of harassment by inmate.
R.C. 2921.01(F) unambiguously defines a "detention facility" as anypublic or private place used for the confinement of a person charged with or convicted of any crime in this state. Contrary to appellant's contentions, all that the state is required to prove is that appellant was confined in a "detention facility" and that it is a public or private place that is used to confine persons charged or convicted of a crime in this state. Such a "place" is broadly defined to include any temporary or permanent lock-up, jail, workhouse, or juvenile or adult penal or reformatory facility according to the comment section of R.C. 2921.01. As explained above, we do not have the authority to ignore the plain and unambiguous language of a statute.
At trial, the prosecution presented the following evidence as to the requisite element of a "detention facility." Captain Elizabeth Lyons testified that appellant was an inmate at the Lake Erie Correctional Institution. Corrections officer, Sergeant William Luoma, testified that he was employed at the Lake Erie Correctional Institution in Conneaut, Ohio. Sergeant Luoma stated that he was not an employee of the state of Ohio because the prison was a private prison. He testified that the state of Ohio owns the land and the building and that his employer, Management Training Corporation, contracted with the state to run the daily operations of the prison. Additionally, the trial court's jury instructions included the definition of a "detention facility" as any public or private place used for the confinement of a person charged with or convicted of any crime in this state or another state or under the laws of the United States.
In light of the above testimony, there was sufficient evidence, which would, if believed, support the conclusion that appellant was confined to a "detention facility" as required under R.C. 2921.38(A). It is clear from the record that the state provided sufficient evidence that appellant was being detained at the Lake Erie Correctional Institution at the time of the incident and that it was a private place that was used for the confinement of individuals convicted of a crime in this state.
For the foregoing reasons, appellant's sole assignment of error is without merit. The judgment of the Ashtabula Court of Common Pleas is affirmed.
DONALD R. FORD, P.J., ROBERT A. NADER, J., concur.