[Cite as *State v. Freeman*, 2014-Ohio-5050.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 MA 112 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| GARY G. FREEMAN | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:      Appellant's Motion to Reopen Appeal
                              Pursuant to App.R. 26(B)
                              Case No. 11 CR 770

JUDGMENT:                     Denied.

APPEARANCES:
For Plaintiff-Appellee:        Atty. Paul J. Gains
                              Mahoning County Prosecutor
                              Atty. Ralph M. Rivera
                              Assistant Prosecuting Attorney
                              21 West Boardman Street, 6th Floor
                              Youngstown, Ohio  44503

For Defendant-Appellant:       Gary G. Freeman, Pro Se
                              #630-125
                              Southern Ohio Correctional Facility
                              P.O. Box 45699
                              Lucasvile, Ohio  45699

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                              Dated:  November 7, 2014

PER CURIAM.

**{¶1}** On April 3, 2014, Appellant, Gary Freeman, filed an application to reopen *State v. Freeman*, 7th Dist. No. 12 MA 112, 2014-Ohio-1030, in which we affirmed Appellant's convictions on kidnapping, attempted rape, and receiving stolen property. Appellant bases his timely request for reopening on App.R. 26(B)(1), which provides:

> A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

**{¶2}** Under App.R. 26(B)(2), an application for reopening "shall contain all of the following":

> (a) The appellate case number in which reopening is sought and the trial court case number or numbers from which the appeal was taken;

> (b) A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.

> (c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an

incomplete record because of appellate counsel's deficient representation;

(d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;

(e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies.

{¶3} Appellant initially filed an incomplete application for reopening on April 3, 2014. This application omitted both the sworn statement required by App.R. 26(B)(2)(d) and the parts of the record on which Appellant relied as required by App.R. 26(B)(2)(e). Appellant filed a second, "supplemental" application for reopening on May 28, 2014, which was also timely. This second application will be accepted as if it were the sole application filed, because there is no provision in App.R. 26 for "supplements" to applications for reopening. In his May 28, 2014 filing Appellant noted that he recently received the trial transcripts on which to base complete filing. (5/28/14 Supplemental Application for Reopening.)

{¶4} Although Appellant's second filing is timely and now includes a sworn statement, Appellant again failed to provide any portions of the record on which he relies. "App.R. 26(B)(2)(e) places the responsibility squarely upon the applicant to

provide the court of appeals with such portions of the record as are available to him." Where an applicant fails to do so, "his application [is] properly denied." *State v. McNeill*, 83 Ohio St.3d 457, 459, 700 N.E.2d 613 (1998). Appellant has not satisfied the requirements of App.R. 26(B)(2)(e). Hence, Appellant's application is properly dismissed.

**{¶5}** Even assuming that Appellant had fully satisfied the requirements of App.R. 26, his application does not present the "colorable claim of ineffective assistance of appellate counsel" pursuant to *State v. Sanders*, 75 Ohio St.3d 607, 607, 665 N.E.2d 199 (1996) and would fail.

**{¶6}** Appellant's appeal focused on the sufficiency and the manifest weight of the evidence supporting his convictions as well as the propriety of his sentences and sentencing hearing. We overruled Appellant's weight, sufficiency, and merger arguments, but agreed with his challenge of the omission of postrelease control information during his sentencing hearing. We affirmed Appellant's convictions and sentence, but remanded the matter for a new hearing to allow the trial court to correct this omission. Appellant argues that, although he was partially successful in his appeal, he received ineffective assistance of appellate counsel due to counsel's decision not to argue that trial counsel was ineffective, that the state committed prosecutorial misconduct by failing to call a witness, and that the trial court should have granted Appellant's Crim.R. 29 motion for acquittal at the close of the state's case.

**{¶7}** Appellant's representations concerning prosecutorial misconduct are unsupported by the portions of the record necessary to substantiate such claims and do not reflect behavior or omissions that could be construed as improper. *State v. Smith*, 14 Ohio St.3d 13, 14, 470 N.E.2d 883 (1984) ("[t]he test regarding prosecutorial misconduct * * * is whether the remarks were improper and, if so, whether they prejudicially affected the substantial rights of the defendant.") The state's decision to disclose a potential witness who was not called at trial is not misconduct. Instead, this demonstrates the state's compliance with both the spirit and letter of various pre-trial evidentiary disclosure requirements a criminal proceeding may include. See e.g., *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, (discussing the various disclosures that may and may not be required in a criminal proceeding.)

**{¶8}** Appellant's arguments concerning the relationship between "sexual conduct," "rape," and "attempted rape" confuse the legal significance of these terms. The fact that Appellant's offenses were described using different portions of the statutory phrasing at different points in the proceeding below does not amount to misconduct, either. The remainder of Appellant's argument and his Rule 29 motion, including his statements as to alleged inconsistencies in the victim's recollection of events, is simply repetitive of the sufficiency and manifest weight arguments made by appellate counsel in Appellant's direct appeal. Appellate counsel cannot be found deficient for making the very arguments Appellant now advances.

**{¶9}** Appellate counsel in this matter was obviously effective, since we sustained one of Appellant's assignments of error and remanded the matter for a new sentencing hearing. Appellant's reference to the trial transcripts and multiple citations to the record in his argument demonstrate that he was in possession of material he failed to produce. Appellant has failed to comply with App.R. 26 but has also failed to otherwise present a colorable claim of ineffective assistance of counsel. *Sanders*, *supra*. For these reasons, Appellant's application for reopening is denied.

Waite, J., concurs.

Donofrio, J., concurs.

DeGenaro, P.J., concurs.