[Cite as *State v. Rose*, 2014-Ohio-5049.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 JE 18 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| SOL ROSE, III | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Appellant's Application for Reopening Pursuant to App.R. 26(B) Case No. 12 CR 32

JUDGMENT:     Denied.

APPEARANCES:
For Plaintiff-Appellee:     Atty. Jane M. Hanlin
Prosecuting Attorney
Atty. Jeffrey J. Bruzzese
Assistant Prosecuting Attorney
Jefferson County Justice Center
16001 State Route 7
Steubenville, Ohio 43952

For Defendant-Appellant:     Sol Rose, III, Pro se
#624-937
Belmont Correctional Institution
P.O. Box 540
St. Clairsville, Ohio 43950

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: November 10, 2014

PER CURIAM.

{¶1}   On September 22, 2014, Appellant Sol Rose, III filed an application to reopen *State v. Rose*, 7th Dist. No. 12 JE 18, 2014-Ohio-2929, in which we affirmed his convictions on felonious assault and aggravated robbery.   Appellant bases his timely request for reopening on App.R. 26(B)(1), which provides:

> A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel.   An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

{¶2}   Under App.R. 26(B)(2), an application for reopening "shall contain all of the following":

> (a)  The appellate case number in which reopening is sought and the trial court case number or numbers from which the appeal was taken;

> (b)  A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.

> (c)   One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an

incomplete record because of appellate counsel's deficient representation;

(d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;

(e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies.

{¶3} Although Appellant has filed a timely application for reopening that includes a sworn statement, Appellant has failed to include those portions of the record on which he relies but appears to refer to throughout his application. "App.R. 26(B)(2)(e) places the responsibility squarely upon the applicant to provide the court of appeals with such portions of the record as are available to him." Where the applicant fails to do so, "his application [is] properly denied." *State v. McNeill*, 83 Ohio St.3d 457, 459, 700 N.E.2d 613 (1998). Appellant has not satisfied the requirements of App.R. 26(B)(2)(e). Hence, his application may be dismissed on this basis.

{¶4} Assuming, however, that Appellant had satisfied the requirements of App.R. 26, his application does not present the "colorable claim of ineffective

assistance of appellate counsel" pursuant to *State v. Sanders*, 75 Ohio St.3d 607, 607, 665 N.E.2d 199 (1996) and also fails.

{¶5} Appellant's appeal as of right involved three assignments of error. The first challenged the manifest weight of the evidence against him. The second alleged ineffective assistance of trial counsel. The third challenged the imposition of consecutive sentences. Appellant now argues that appellate counsel was inadequate and that his appeal should be reopened because his conviction is against the weight of the evidence and because trial counsel's representation was insufficient. Appellant contends that appellate counsel should have emphasized the victim's loss of blood, consumption of oxycontin, and the resulting limited recollection of the night he was attacked. Appellant also believes that appellate counsel and trial counsel should have emphasized the absence of DNA evidence on the pair of pants sent for testing and inconsistencies in the physical descriptions given by the victim. However, these very arguments were among those made by appellate counsel, and fully considered when we evaluated Appellant's sufficiency and manifest weight challenges to his conviction. Appellant has not provided the portions of the record on which he relies and has not presented new or different arguments from those presented and fully evaluated in his underlying appeal. Clearly, appellate counsel cannot be found deficient for making the very arguments Appellant now advances.

{¶6} Appellant's speculation concerning trial counsel's decision not to further emphasize the extent and nature of the victim's wounds by extended questioning of the victim is not the exact ineffective assistance argument made by his appellate

counsel. But it is unsupported by the record on which Appellant relies, and in any event would be subject to the exact analysis we applied in his appeal:

The United States Supreme Court originally explained in *Strickland v. Washington* that an "ineffectiveness claim * * * is an attack on the fundamental fairness of the proceeding whose result is challenged," and that, "the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Id.* at 697, 670. A defendant/appellant's burden when challenging the effectiveness of counsel is to demonstrate that some action or inaction by counsel operated to undermine or call into question the integrity of the process that resulted in conviction. *State v. Calhoun*, 86 Ohio St.3d 279, 289, 714 N.E. 2d 905 (1999). When evaluating the performance of counsel, "courts 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *State v. Wesson*, 137 Ohio St.3d 309, 2013-Ohio-4575, 999 N.E.2d 557, ¶81. "Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland* at 669. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse

sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* at 689.

Although Appellant notes the two prongs of the *Strickland* test, his arguments do not address prejudice, the second prong of the test. Because Appellant has failed to connect any of the alleged deficiencies of counsel to actual evidence of prejudice suffered by him, even if we were to conclude that counsel's performance was deficient, Appellant has not satisfied his burden under *Strickland.*

*Rose*, *supra*, ¶13-14. Appellant has failed to comply with App.R. 26 and has also failed to present a colorable claim of ineffective assistance of counsel. *Sanders*, *supra.* For these reasons, Appellant's application for reopening is denied.

Waite, J., concurs.

Donofrio, J., concurs.

Vukovich, J., concurs.