[Cite as *State v. Wesley*, 2017-Ohio-5706.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 15 JE 0006 |
| VS. | ) | |
| | ) | OPINION |
| JEREK WESLEY | ) | AND |
| | ) | JUDGMENT ENTRY |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:       Application for Reopening


JUDGMENT:                                        Denied.

APPEARANCES:
For Plaintiff-Appellee                            Attorney Jane Hanlin
                                                            Jefferson County Prosecutor
                                                            16001 State Route 7
                                                            Steubenville, Ohio 43952


For Defendant-Appellant                      Jerek Wesley, Pro-Se
                                                            Inmate No. A664-499
                                                            Ross Correctional Institution
                                                            P.O. Box 7010
                                                            Chillicothe, Ohio 45601


JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                                            Dated:  June 29, 2017

PER CURIAM.

{¶1} On June 5, 2017, Wesley filed an application for reopening pursuant to App.R. 26(B). Because Wesley has failed to meet the requirements of App.R. 26 and failed to demonstrate a genuine issue as to whether he was deprived of effective assistance of counsel on appeal, his application is denied.

{¶2} The facts of this case were detailed in *State v. Wesley*, 7th Dist. No. 15 JE 0006, 2017–Ohio–799, ¶ 2–7. Wesley pled no contest to one weapons under disability count and was found guilty by a jury on three additional counts: weapons under disability, improper handling and failure to comply. The trial court imposed consecutive sentences for all four convictions resulting in an aggregate prison term of nine and a half years.

{¶3} A criminal defendant "may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." App.R. 26(B)(1). An application for reopening shall contain:

(c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;

(d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;

(e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies.

App.R. 26(B)(2)(c)-(e).

{¶4} Pursuant to App.R.26(B)(2)(e) Wesley's application fails to cite to the record to support his argument. "App.R. 26(B)(2)(e) places the responsibility squarely upon the applicant to provide the court of appeals with such portions of the record as are available to him." Where an applicant fails to do so, "his application [is] properly

denied." *State v. McNeill*, 83 Ohio St.3d 457, 459, 1998-Ohio-38, 700 N.E.2d 613.

**{¶5}** More problematic, Wesley's sworn statement fails to indicate how his appellate counsel was deficient with respect to his assignments of error, nor does it state the manner in which any deficiency prejudicially affected the outcome of the appeal. App.R. 26(B)(2)(d). In his affidavit Wesley states that his attorney "did not raise the issues that I was concerned about." This does not rise to the level of deficient performance. As such, we need not reach the merits of Wesley's assignments of error.

**{¶6}** Even if Wesley had satisfied the requirements of App.R. 26, his application does not present a "colorable claim of ineffective assistance of counsel" necessary to demonstrate a genuine issue that merits reopening. *State v. Sanders*, 75 Ohio St.3d 607, 607, 1995-Ohio-28, 665 N.E.2d 199. To show ineffective assistance of appellate counsel, the two-prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) must be met. Pursuant to *Strickland*, the applicant must demonstrate deficient performance of counsel and resulting prejudice. *Id.* at 687. *See also* App.R. 26(B)(9).

**{¶7}** Because Wesley has failed to meet the procedural requirements of App.R 26 and likewise failed to demonstrate a genuine issue as to whether he was deprived of effective assistance of counsel on appeal, his application for reopening is denied.

DeGenaro, J., concurs.
Donofrio, J., concurs.
Waite, J., concurs.