[Cite as *State v. Spring*, 2017-Ohio-5707.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

STATE OF OHIO                              )
                                           )
    PLAINTIFF-APPELLEE              )
                                           )     CASE NO. 15 JE 0019
VS.                                        )
                                           )     OPINION
JEFFREY SPRING, SR.                        )     AND
                                           )     JUDGMENT ENTRY
    DEFENDANT-APPELLANT            )

CHARACTER OF PROCEEDINGS:     Application to Reopen Appeal

JUDGMENT:     Application denied.

APPEARANCES:
For Plaintiff-Appellee     Attorney Jane Hanlin
     Jefferson County Prosecutor
     16001 State Route 7
     Steubenville, Ohio 43952

For Defendant-Appellant     Jeffrey M. Spring, Sr., Pro se
     #672-693
     Trumbull Correctional Institute
     P.O. Box 901
     Leavittsburg, Ohio 44430-0901

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: June 29, 2017

PER CURIAM.

Appellant Jeffrey M. Spring, Sr., has filed an App.R. 26(B) application to reopen his appeal based on a claim of ineffective assistance of appellate counsel. He is attempting to reopen the appellate judgment rendered by this Court in *State v. Spring*, 2017-Ohio-768, --- N.E.3d ---- (7th Dist.), where we affirmed his convictions for tampering with evidence and murder with an attached firearm specification, along with his sentence of 18-year to life in prison. For the following reasons, we decline to reopen Spring's appeal.

App.R. 26(B)(1) states:

A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

As mandated by App.R. 26, an application for reopening must be filed within 90 days of journalization of the appellate judgment which the applicant seeks to reopen. The applicant must establish "good cause" if the application for reopening is filed more than ninety days after journalization of the appellate judgment. *State v. Cooey*, 73 Ohio St.3d 411, 411, 653 N.E.2d 252 (1998). "Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects on the one hand the state's legitimate interest in the finality of its judgments and ensures on the other hand that any claims of ineffective assistance of appellate counsel are promptly examined and resolved." *State v. Gumm*, 103 Ohio St.3d 162, 2004–Ohio–4755, 814 N.E.2d 861, ¶ 7.

This court journalized its judgment entry and opinion in Spring's direct appeal on March 6, 2017. Spring filed his application on June 6, 2017, making the

application one day late.[1]   As his application was not filed within the 90-day period set forth in App.R. 26(B)(1) Spring must make a showing of good cause for the untimely filing, which he failed to do. Accordingly, Spring's application must be denied. *See also State v. Barnette*, 7th Dist. No. 11 MA 196, 2015-Ohio-1280, ¶ 4-5. (application for reopening must be denied where it is filed two days late without an assertion of good cause.)

Spring further failed to provide the portions of the record upon which he relies and cites in his application. "App.R. 26(B)(2)(e) places the responsibility squarely upon the applicant to provide the court of appeals with such portions of the record as are available to him." Where an applicant fails to do so, "his application [is] properly denied." *State v. McNeill*, 83 Ohio St.3d 457, 459, 700 N.E.2d 613 (1998). Spring has not satisfied these requirements; thus, we need not reach the merits of his arguments.

As Spring did not establish good cause for the delay in filing the application for reopening, nor attach relevant portions of the record as required by App.R. 26, his application for reopening is denied.

DeGenaro, J., concurs.

Waite, J., concurs.

Robb, P.J., concurs.

---

[1] 90 days after March 6, 2017 was June 4, 2017, which was a Sunday. Thus, Spring's application was due no later than Monday, June 5, 2017.