[Cite as *State v. Spring*, 2017-Ohio-8012.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 15 JE 0019 |
| VS. | ) | |
| | ) | OPINION |
| JEFFREY SPRING, SR. | ) | AND |
| | ) | JUDGMENT ENTRY |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Application for Reconsideration.

JUDGMENT:     Application denied.

APPEARANCES:

For Plaintiff-Appellee     Attorney Jane Hanlin
Jefferson County Prosecutor
16001 State Route 7
Steubenville, Ohio 43952

For Defendant-Appellant     Jeffrey M. Spring, Sr., Pro se
#672-693
Trumbull Correctional Institute
P.O. Box 901
Leavittsburg, Ohio 44430-0901

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: September 29, 2017

PER CURIAM.

**{¶1}** On July 10, 2017, Appellant Jeffrey Spring filed a timely pro-se application for reconsideration asking us to reconsider our decision to deny his June 29, 2017 application to reopen his appeal. For the reasons below, his request is denied.

**{¶2}** Spring's conviction for tampering with evidence and murder with an attached firearm specification, along with his sentence of 18-years-to-life in prison, were affirmed by this court on direct appeal. *State v. Spring*, 2017-Ohio-768, - - - N.E.3d - - - - (7th Dist.). Spring filed an untimely application to reopen his appeal, which we denied. *State v. Spring*, 7th Dist. No. 15 JE 0019, 2017-Ohio-5707.

**{¶3}** "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (1987), paragraph one of the syllabus.

**{¶4}** The purpose of reconsideration is not to reargue the merits of the prior decision based on dissatisfaction with the logic used and conclusions reached by an appellate court. *Victory White Metal Co. v. N.P. Motel Syst. Inc.*, 7th Dist. No. 04 MA 0245, 2005–Ohio–3828, ¶ 2. "An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision." *Hampton v. Ahmed*, 7th Dist. No. 02 BE 0066, 2005–Ohio–1766, ¶ 16 (internal citation omitted).

**{¶5}** Spring's application for reconsideration first attempts to provide good cause for the untimeliness of his application to reopen. However, the purpose of reconsideration is not to provide the applicant with a second chance to argue points that should have been made earlier in the proceedings. *See Victory White Metal Co.*

**{¶6}** Spring also asserts he was unable to provide portions of the record to support his application to reopen because he never received them from appellate counsel. He notes he indicated as much in his application to reopen. However,

Spring apparently made no other attempt to obtain the relevant transcripts or portions of the record, either via a request to the clerk's office or otherwise.

{¶7} In short, the points made by Spring in his application do not establish errors in our prior decision, let alone obvious ones, nor do they raise issues for consideration that were either not considered at all or were not fully considered when they should have been. For these reasons, Spring's application for reconsideration is denied.

DeGenaro, J., concurs.

Waite, J., concurs.

Robb, P. J., concurs.