[Cite as *State v. Ward*, 2017-Ohio-9247.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | CASE NO. 15 BE 0077 |
| VS. | ) | |
| | ) | OPINION |
| BUCK A. WARD | ) | AND |
| | ) | JUDGMENT ENTRY |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:        Application for Reopening

JUDGMENT:        Denied

APPEARANCES:
For Plaintiff-Appellee        Attorney Daniel P. Fry
        Belmont County Prosecutor
        Attorney J. Flanagan
        Assistant Prosecutor
        147-A West Main Street
        St. Clairsville, Ohio 49350

For Defendant-Appellant        Buck A. Ward, Pro-se
        A720698
        P.O. Box 300
        Orient, Ohio 43146

JUDGES:

Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Carol Ann Robb

        Dated: December 26, 2017

PER CURIAM.

**{¶1}** Appellant Buck Allen Ward filed a timely pro-se application to reopen our judgment in his direct appeal, *State v. Ward*, --- N.E.3d ----, 2017-Ohio- 4381 (7th Dist.). Ward pled guilty to one count of robbery pursuant to a plea agreement. The trial court sentenced Ward to a maximum term of 36 months in prison and up to three years of discretionary post-release control, ordered Ward to pay monetary restitution and gave him jail-time credit for 48 days. *Ward, supra*, ¶ 1–3.

**{¶2}** A criminal defendant "may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." App.R. 26(B)(1). An application for reopening shall contain:

> (c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;

> (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;

> (e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies.

App.R. 26(B)(2)(c)-(e).

**{¶3}** Contrary to App.R.26(B)(2)(e), Ward's application failed to include the pertinent portions of the record upon which he relies. "App.R. 26(B)(2)(e) places the responsibility squarely upon the applicant to provide the court of appeals with such portions of the record as are available to him." Where an applicant fails to do so, "his application [is] properly denied." *State v. McNeill*, 83 Ohio St.3d 457, 459, 700 N.E.2d 613. In *McNeill*, the court inferred that the defendant had access to the record

because his application cited the record. *Id*. at 458-459. The Court further noted that the defendant could have requested the clerk's office to release the record. *Id*. Ward cites to and appears to quote portions of the record, thus demonstrating his access. For this reason alone, dismissal of his application is proper.

{¶4} More problematic is that Ward failed to file a sworn statement to indicate how appellate counsel was deficient with respect to his assignments of error and the manner in which any deficiency prejudicially affected the outcome of the appeal. App.R. 26(B)(2)(d). The sworn statement requirement is mandatory. *State v. Lechner*, 72 Ohio St.3d 374, 375, 650 N.E.2d 449 (1995). Thus, we need not reach the merits.

{¶5} Even if Ward had complied with App.R. 26, his application does not present a colorable claim necessary to demonstrate a genuine issue that merits reopening his appeal. *State v. Sanders*, 75 Ohio St.3d 607, 607, 665 N.E.2d 199. To show ineffective assistance of appellate counsel, the applicant must demonstrate deficient performance of counsel and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also* App.R. 26(B)(9). Ward raises issues of improper extradition, judicial bias by the trial court, breach of the plea agreement by the prosecutor, improper calculation of jail-time credit, sentencing issues, and appellate counsel's failure to request oral argument. These proposed errors are either facially unsupported by the law, impossible to decide without the pertinent portions of the record, or were considered by this court in his direct appeal.

{¶6} Because Ward has failed to meet the procedural requirements of App.R. 26 and likewise failed to demonstrate a genuine issue as to whether he was

deprived of effective assistance of counsel on appeal, his application for reopening is denied.

DeGenaro, J., concurs.

Donofrio, J., concurs.

Robb, P. J., concurs.